# Thompson *v*. Greene & Co.

*Statutory Detinue for Mules.*

1. *Action by mortgagee of personal property; suggestion of mortgage in defense.*—In an action for the recovery of personal property *in specie*, the only defense being a suggestion that plaintiff claims under a mortgage, and that it has been satisfied in whole or in part (Sess. Acts 1882-3, p. 31; Code, 1886, § 2720), the suggestion is an admission of record that the plaintiff has title, unless it has been divested by payment; and the only issues are, indebtedness *vel non*, and the amount thereof.

2. *Same; submission to arbitration, and judgment on award.*—In such case, the issue being submitted by agreement to arbitration, and the award being afterwards entered up as the judgment of the court, for the restoration of the property to the plaintiff, unless discharged by the payment of the balance ascertained to be due on the mortgage; it is not necessary that the value of the property shall be assessed, nor is there any irregularity of which the defendant can complain.

APPEAL from the Circuit Court of Lee.

Tried before the Hon JESSE M. CARMICHAEL.

This action was brought by the partners composing the late partnership of R. M. Greene & Co., against J. C. Thompson, to recover a mule, with damages for its detention; and was commenced on the 29th December, 1884. The defendant executed the necessary replevy bond, and retained the possession of the mule; and he filed two pleas, as follows: 1st, "that plaintiff's title to said mule is derived from a mortgage given to secure advances made after the execution of said mortgage, which advances, defendant avers, he has fully paid for, at the market value of the articles furnished, before the bringing of this suit;" 2d, "that the charges made by plaintiffs, for the articles advanced under the said mortgage, are usurious, and void for the interest included in the account rendered by plaintiffs, to the amount of $59.20." At the April term, 1887, there was a submission to arbitration, by agreement signed by both parties; and the arbitrators rendered an award, on the same day, in these words: "We find due by said J. C. Thompson to said R. M.

[Thompson v. Greene & Co.]

Greene and F. Watkins, $17.80; this in full of all matters submitted to us." On the 21st April, 1887, a judgment was entered in the cause, which, after reciting the submission to arbitration and the award, proceeded thus: "It is therefore considered by the court, that the plaintiff have and recover the property mentioned in the complaint, to-wit, one black mare mule, for which the clerk shall issue a writ of possession for the said mule; but this judgment may be satisfied by the defendant paying the sum of $17.80, which shall vest the title to the said property in him; and it is further considered by the court, that the plaintiffs recover of the defendant the costs in this behalf expended, for which let execution issue."

This judgment is here assigned as error.

JNO. M. CHILTON, for appellant.

A. BARNES, contra.

CLOPTON, J.—In this suit, which is a statutory action for the recovery of personal property brought by appellees, the defendant suggested that the plaintiffs derived title from a mortgage, and put in issue the amount due thereon. No other plea was filed, nor defense interposed. The statute in force at the time the suit was commenced provided: "That in suits where the title of the plaintiff is derived from a mortgage, the defendant may put in issue the amount due upon the mortgage, and may also plead and give in evidence any matter that might have been pleaded and given in evidence had such action been to recover the debt incurred by such mortgage; and should the jury find for the plaintiffs, then upon payment of such amount, besides costs, within thirty days thereafter, the defendant shall have the title and possession of the property."—Acts 1882–83, p. 31. The suggestion was tantamount to an admission of record, that plaintiffs had title to the property, unless it had been divested by payment of the mortgage debt, leaving only the issue, whether any, and what amount, was due on the mortgage. The purpose of the statute is to exempt the mortgagor from a compulsory restoration of the property, by paying the amount which may be found due on the mortgage, and the costs of suit.

During the pendency of the action, the parties, by agreement in writing, but without an order of court, submitted the

16

determination of the amount due on the mortgage to five selected persons as arbitrators, who made an award. On motion of plaintiffs, the award was made the judgment of the court; and a judgment was thereupon rendered in favor of the plaintiffs for the property, which provided that it might be satisfied by paying the amount awarded by the arbitrators. The defendant was present by his attorney, and made no objection to the judgment. The submission to arbitrament was equivalent to an agreement that the sum awarded by the arbitrators should be regarded as the agreed amount due on the mortgage; and allowing it to be entered in the judgment-entry, without objection, was in the nature of a confession of judgment for such sum, and, in connection with the admission of record that the plaintiffs had title to the property, dispensed with any necessity of submitting to a jury the issue of either title or amount due. The sole reason for requiring an assessment of the value of the property is, that the defendant may discharge himself from the operation of a *distringas*, in the event the property can not be produced. *Miller v. Jones*, 29 Ala. 174. The reason does not exist, when the suit is by a mortgagee against the mortgagor, and the amount due on the mortgage is put in issue. In such case, the statute relieves the mortgagor from compulsory restoration, if he pays the amount found to be due on the mortgage. The failure to assess the value, furnishes the defendant no cause of reversal; it does not, and can not injure him. The statute gives the plaintiff the right to compel the restoration of the property, when practicable, by a writ of *distringas*, or by motion for an attachment.—Code, 1886, § 2723. The provision of the judgment, that a writ of possession be issued, may be regarded as surplusage, conditioned as it is on the failure of defendant to pay the amount due on the mortgage within the time prescribed. There is nothing in the judgment of which the defendant can complain.

Affirmed.