# Brooks *v.* Rogers.

## *Statutory Action of Ejectment.*

99　433
102　191
99　433
104　139

1. *Breach of the conditions of a lease; waiver of such breach.*—The acceptance by a landlord of the rents accruing after the breach of the conditions contained in a lease, with full knowledge of the breach, and of all the circumstances, is an affirmation that the contract of lease was still in force and was to continue, for the time for which the rent was paid and received; and the lessee can not be considered a trespasser during the time for which he paid rent.

2. *Same.*—The making of a contract by which the lessee released to the lessor a portion of the leased premises for a consideration which was to be credited upon subsequently accruing rent, and which was executed after the knowledge on the part of the lessor that the covenants of the lease were broken, is an affirmation of the subsistence of the lease at the time of such contract, and constitutes a waiver of the forfeiture, and right to re-enter for breach of the covenants of the lease prior to the execution of such contract.

3. *Evidence; proof of other breaches than those specified not admissible.*—Where a lessor has notified his lessee that the contract of lease has been forfeited, by reason of the breach of certain specified covenants therein, he can not, in an action founded upon such forfeiture, introduce evidence of the breach of other and wholly different covenants in the contract of lease.

APPEAL from Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment, brought by the appellee, Charlotte Thompson Rogers, against the appellant, to recover certain specifically described lands, and was commenced December 7, 1891. The principal facts of the case are sufficiently stated in the opinion.

Subsequent to the alleged breach of the contract of lease, the plaintiff, together with her husband, entered into a contract with the defendant on January 22, 1891, by which they agreed to credit certain amounts upon the rent notes to be due for the years 1892 and 1893 from the said Brooks, in consideration of his relinquishing his right to 500 acres of the land, which had been originally leased to him.

Among other charges, which were asked by the defendant, and to the refusal to give each of which he separately ex-

28

cepted, were the following: (12.) "The court charges the jury that the execution and delivery of the contract of January 22, 1891, made by and between the plaintiff and defenddant, was a waiver by the plaintiff of all forfeitures of said lease of March 15th, 1888, which occurred prior to said 22d day of January, 1891; and if you believe from the evidence, that said contract was executed and delivered on its date, January 22d, 1891, and if you further believe that no forfeiture of said lease of March 15, 1888, was committed by said defendant after said 22d day of January, 1891, then you must find for the defendant in this cause." (13.) "The court charges the jury that if they believe from the evidence that the plaintiff was informed of the breach of said lease of March 15, 1888, on, and prior to the 1st day of October, 1891, and that on that date, the plaintiff accepted from the defendant the rent for said plantation for the year ending on the 1st day of January, 1892, and that no breach of said lease was committed by defendant after the 1st day of October, 1891, then the jury must find for the defendant in this cause."

RICHARDSON & REESE, for appellant, cited *Dahm v. Barlow*, 93 Ala. 120; *Abrams v. Watson*, 59 Ala. 524; *Mayberry v. Leech*, 58 Ala. 342; *Gomber v. Hatchett*, 6 Wis. 324; *Stuyvesant v. Davis*, 9 Paige, 427; Taylor's Landlord & Tenant, 497, 498.

ARRINGTON & GRAHAM, *contra.*

COLEMAN, J.—The suit is the statutory action of ejectment. The plaintiff in the court below, Charlotte Thompson Rogers, leased her plantation to defendant Brooks for a term of five years, to begin on the first day of January, 1889. The consideration of the lease was the annual payment of eleven hundred dollars, "to be paid on the first day of October of each year during the continuance of the lease;" and the consideration was further evidenced by the execution of five several promissory notes, in accordance with the stipulation in the lease contract. The lessee covenanted to keep the ditches, drains, fences, and houses in repair; that he would not cut down or destroy any of the wood or timber on the premises, except such as was necessary for plantation purposes, and then only from designated places, and that no land should be cleared except at a specified point. The lease provided "that, in case the party of the second part shall violate any of the conditions, covenants or stipulations

imposed on him or agreed to by him, . . the party of the first part, upon first giving ten days notice thereof in writing to the party of the second part, may by themselves or agents re-enter said premises, and enjoy the same in all respects as though the lease had not been made."

The lessee paid his rental notes at maturity for the years 1889, 1890, and 1891. On the 19th of November, 1891, after the payment of the rental note for·that year, the plaintiff served a written notice of forfeiture upon the defendant. After setting out the covenants of the lease in regard to the cutting of timber and wood and the clearing of land, the notice proceeded as follows: "And whereas, you have violated the conditions, covenants, and stipulations above mentioned, contained in said lease, by cutting and destroying wood and timber on said premises, . . . . and whereas, you have cleared wood or timber lands," setting out the place, so as to show the clearing was at a different place from that authorized by the lease, then follows the notice, as provided in the lease, that after ten days the plaintiff would re-enter, &c.

It will be observed that, in the notice served upon the defendant, there is no reference to a breach of any of the covenants of the lease in regard to the ditches, fences, and repair of buildings, but the notice places the forfeiture and right to re-enter upon a violation of the covenants in regard to the cutting and destroying of the timber and clearing of land. The suit is ejectment, and was instituted on the 7th of December, 1891, although the rent for the entire year of 1891 was paid and received by the plaintiff on the 1st of October, 1891.

The evidence tended to show that the acts complained of as a violation of the covenants of the lease not to cut or destroy the timber or clear the land occurred in December, 1890, and during the early part of the year 1891.

Under the contract of lease, the lessee held but an estate upon condition. Upon breach of covenants, he forfeited his estate at the option of the lessor, who, upon giving the notice stipulated in the contract, had the right to re-enter. The lease was not rendered absolutely void by the act of forfeiture, but upon the election of the lessor. The lessee had no option under the contract. If, after the breach of the condition of the lease, the lessor, with a ful knowledge of the breach of the condition and all the circumstances, demanded and received from the lessee, under the contract of lease, rents which accrued subsequent to the breach, this was a clear recognition that the relation of

lessor and lessee continued for the time for which the rent was paid and received. A lessor can not be permitted to get the benefit of his contract of lease after breach of condition, for the purpose of collecting rents which subsequently accrued, and, after collecting the rents, then hold the lessee to be a trespasser on the land during the same period for which he collected rents under the contract of lease. The receipt of the rent, under such circumstances, is an affirmation that the contract of lease was still in force, and subsisting up to the time for which the rent was collected, and that the lessee was not a trespasser during the time for which he paid rent. If the lessor receives rent only for the time prior to the breach of the conditions, or if the rent is received without notice or knowledge of the breach, payment under such circumstances will not constitute a waiver of his right to elect to declare the estate of the lessee forfeited, and of the right to re-enter. These principles are sustained by the following authorities : *Dendy v. Nichall,* Common Bench Rep. 4 Vol. 376, and note on page 387 ; *Jackson v. Allen,* 3 Cow. 220; *Munston v. Gladwin,* 6 Adolph. & Ellis, (N. S.) 952 ; *Stuyvesant v. Davis,* 9 Paige, 427; *Gomber v. Hatchett,* 6 Wis. 324 ; *Sheppard v. Allen,* 3 Taunton 77; *Bleecker v. Smith,* 13 Wend. 530 ; Taylor on Landlord and Tenant, §§ 497, 438.

In *Dahm v. Barlow,* 93 Ala. 120, it is said, the landlord's acceptance of the rent accruing after a forfeiture, with knowledge thereof, operates a waiver in advance of the disclaimer of title, if any.

Receipt of the rent in advance for the three months, beginning Oct. 1, 1891, and ending Jan. 1st, 1892, if received with a full knowledge that the covenants of the lease had been broken prior to that time, was a waiver of the forfeiture, and an affirmation that the relation of lessor and lessee continued under the lease, at least for the time for which the lessor received the rent in advance. We do not hold that a waiver of the forfeiture included a waiver of the right to sue and recover for a breach of the covenants. That question is not in this case. The making of a contract by and between the lessor and lessee, by which the lessee released to the lessor a portion of the leased premises, for a consideration which was to be credited upon the two rental notes of the lessee for the years 1892 and 1893, respectively, executed after covenants of the lease were broken, with full knowledge of that fact on the part of the lessor, would be an affirmation of the subsistence of the lease at the time of such contract, and constitute a waiver of the forfeiture and

right to re-enter for breach of covenants of the lease prior to the execution of such contract.

The plaintiff was allowed to introduce evidence, against the objection of the defendant, to show that defendant had forfeited his estate by failing to keep the premises in repair as covenanted for in the contract. The lease contains such a stipulation, and it provides that for a violation of any of the covenants the lessor may re-enter, upon first giving ten days notice to the lessee. The notice given by the plaintiff to the lessee is, that "Whereas you have violated the conditions, covenants and stipulations · · in said written lease, by cutting and destroying the wood and timber, · · and by clearing lands," the plaintiff claims the right to rescind the lease and to re-enter the premises. Notice was never given to the defendant that the plaintiff claimed a forfeiture and right to re-enter for a breach of the covenant to make repairs. He placed the forfeiture of the leased estate entirely upon other grounds, which were carefully specified. We think this a waiver to declare a forfeiture for the breach of the covenant to make repairs. The plaintiff may sue and recover damages for the breach of the covenant in regard to repairs, but that is the exercise of a very different right from holding the lessee to have forfeited the lease estate.

In the case of *Morecroft v. Marx et al.*, 4 Barnwall & Creswell, 606, the lease contained a covenant to keep the premises in repair, and to repair within three months after notice, and a clause of re-entry for breach of any covenant. It was held, Baily, J., "that the landlord had an option to proceed on either covenant, and, after giving notice to repair within three months, he might have brought an action against the defendant upon the former covenant for not keeping the premises in repair. But that is very different from insisting upon the forfeiture." It is true in this case the landlord recovered rent for a time after the notice of forfeiture, and this was held to be an affirmance that the lease subsisted up to that time, but it was also declared as the opinion of the court, that the notice to repair within three months was a waiver of the forfeiture incurred by the breach of the covenant to keep the premises in repair.

It would be manifestly unjust to permit the plaintiff, after notifying the defendant specifically of the breaches of the covenant upon which he based the forfeiture and claimed the right of re-entry, on the trial to introduce evidence of the breach of another and wholly different covenant, of which he had given no notice and made no complaint prior to the beginning of the suit, and against which the defendant could

not possibly prepare his defense. Objections to evidence of this character should have been sustained.

The husband can not make a contract for the sale of the lands, tenements, or hereditaments, or of any interest therein, belonging to his wife, except leases for a term not longer than one year, unless lawfully authorized thereunto in writing by his wife. Code, § 1732. Generally, without independent proof of his authority, the acts or declarations of one professing to act as the agent of another, are inadmissible against the principal.—3 Brick. Dig., 21, § 43.

There was no error in permitting the plaintiff to amend her complaint by striking out so much of the complaint as claimed damages for the detention of the land. The defendant's pleas of "set-off" and "recoupment" presented no answer to the complaint in ejectment.

It would be an unnecessary consumption of time and labor to consider in detail the many exceptions contained in the record and assignments of error. Some of them are well taken under the rules of law we have laid down applicable to the case. Many are mere repetitions, and do not raise different questions. Charge 12 is faulty, in that it ignores the fact of notice or knowledge on the part of the lessor, that the covenants of the lease had been broken, at the time of the making of the contract referred to in the charge. Other charges requested and refused are faulty upon like grounds. Charge 13 requested by the defendant was in accordance with the views we have expressed, and should have been given.

For the errors pointed out, the case is reversed and remanded.