# Bell *v.* McKay & Co.

### Assumpsit.

(Decided April 20, 1916. Rehearing denied June 1, 1916. 72 South. 83.)

1. **Arbitration and Award; Appeal.**—A judgment on an award of arbitrators is reviewable on appeal to the same extent as a judgment of the trial court itself (§ 2922, Code 1907).

2. **Shipping; Charter Party; Rescission.**—The right of the lessor to rescind a charter contract for the reason that semi-monthly payments were not made promptly in advance as provided by the contract, was lost by an unreasonable delay as to an installment due Sept. 19, and notice of rescission was not given until Dec. 1st, following.

3. **Same; Grounds; All Demands.**—Although a lessor had previously accepted tardy payments, an agreement that a contract in installment due Nov. 19, should be paid Nov. 30, was a sufficient demand for payment to support a rescission for non payment on Dec. 1st.

4. **Same; Waiver.**—Where the lessor rescinded a charter contract for a payment previously due, it was not inconsistent to subsequently accept such overdue payment.

5. **Same.**—Where a contract of installment was paid to the lessor's recently discharged agent who forwarded it to the lessor, stating that it was paid and accepted for a new period of extended service, the lessor's retention thereof was a waiver of prior default.

6. **Arbitration and Award; Review; Scope.**—Although the question submitted for arbitration may have been limited to whether defendant had a right to rescind the contract, and not to include whether he waived such

[Bell v. McKay & Co.]

right, yet the waiver question will be decided where it has been contested throughout the conduct of the cause.

**7. Same; Entry of Judgment.**—Where the complaint both denied defendant's right to rescind the contract, and alleged his subsequent waiver of any such right, an award which merely ascertained the rightfulness of defendant's notice of withdrawal on the day it was given, determined only a part of the issues, and the court was without authority to enter a summary final judgment in favor of defendant on the award.

**8. Same.**—In such a case, the submission of the question of right to rescind to arbitration and an award does not preclude a later assertion of the proposition of the waiver of such right.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Assumpsit by Robert D. Bell against A. MacKay & Co., with attachment in aid thereof. The matter in controversy was submitted to arbitrators, and plaintiff appeals from their return. Reversed and remanded.

The defendants, MacKay & Co., leased their steamship St. Ninian to plaintiff's assignee, the Seeberg Steamship Line, and this action is for an alleged breach of contract by the lessors in withdrawing the steamship from the service of the lessee before the expiration of the lease. After suit was filed, and pursuant to a contract stipulation, the question whether the ship was rightfully or wrongfully withdrawn from the service of the lessee was submitted to three arbitrators, whose award was that:

"Inasmuch as the undisputed evidence shows that there was unpaid hire due on said steamship at the time of presenting written notices of withdrawal of vessel from charter (December 1st), the owners are within their right in canceling charter of said steamship Line under the terms of the charter party."

Exceptions were duly reserved to the award in accordance with section 2922, Code 1907, and notice of appeal given, and thereafter, on defendants' motion, said award was entered up as a judgment of the court, and the defendants discharged. The appeal is from this judgment, and both the judgment and the award are assigned for error.

The charter party contained the following provisions which are pertinent to the issues of this case:

"(4) That the charterer shall pay for the use and hire of said vessel nine hundred and twenty-five pounds British sterling per calendar month, commencing on and from the day of her delivery as aforesaid, and at and after the same rate for any part

of a month; hire to continue until her delivery in light good order and condition to the owners (unless lost) at a United States gulf port, fourteen days' notice to be given of name of redelivery port. * * *

"(6) Payment of said hire to be made in cash in Mobile at the current short sight rate of exchange, or in approved bankers' sight bills on London at owner's option, * * * half-monthly in advance, or as agreed, and in default of such payment the owner shall have the faculty of withdrawing said steamer from the service of the charterers without prejudice to any claim they (the owners) may otherwise have on the charterers in pursuance of this charter. * * *

"(10) That, if the charterers shall have reason to be dissatisfied with the conduct of the captain, officers, or engineers, the owners shall, on receiving particulars of the complaint, investigate the same, and, if necessary make a change in the appointment."

The ship entered service on April 19, 1914, and the charter money became payable per periods dating from the 19th of each month to the 4th of the following month, and from the 4th to the 19th of each month. It was payable in advance on the 1st day of each period, "or as agreed." Of the fourteen semi-monthly payments due prior to November 19th six were made strictly on the date when due, and eight on later dates, without complaint from the lessors, so far as appears. The installment due October 19th was held up pending a controversy over the retention of the captain and mate, who were charged by the lessee with drunkenness. On December 1st the lessors cabled Bestor & Young to notify lessee of their rescission of the contract, and to notify their agent, Donald, also, and on that date the notice was given to both of them.

GREGORY L. SMITH & SON, and HARRY T. SMITH & CAFFEY, for appellant. BESTOR & YOUNG, for appellee.

SOMERVILLE, J.— (1) The appeal in this case is properly taken under section 2922 of the Code. On the return of the award, it not appearing that the arbitrators were guilty of fraud, partiality, or corruption thereon, it was the duty of the clerk or judge to enter it up as the judgment of the court; and, its necessary legal effect being a discharge of defendants from liability, a judgment to that effect was properly rendered by the court.

Plaintiff, however, excepted to the finding of the arbitrators .and assigns error thereon, and we are therefore required to review the merit of their award both as to the law and facts, just as if it were originally the judgment of the trial court itself.— Code § 2922; *Wilbourn v. Hurt,* 139 Ala. 557, 36 South. 768; *Hoffman v. Milner,* 142 Ala. 678, 38 South. 758. The evidence before the arbitrators was largely documentary, and presents no substantial dispute of fact.

It is clear that defendants could, by the express terms of their charter party, declare a forfeiture of the contract and withdraw their ship from the lessee's service for any failure by it to pay an installment of charter money on the first day of each semi-monthly period, unless punctual payment were waived by particular agreement, by implication from a general course of dealing, or by recognizing the contract as continuing after the default occurred (*Andrews v. Tucker,* 127 Ala. 612, 29 South. 34; *Elliott v. Howison,* 146 Ala. 568, 40 South. 1018), or, to state the last alternative somewhat differently, by failing to exercise the right of rescission promptly and within a reasonable time (*Elliott v. Howison, supra; Re Tyrer,* 9 Aspin. 186, 84 L. T. Rep. N. S. 653.)

(2) With respect to the installment due to the lessors on September 19th for the half month ending October 4th, and which, it seems, has never been paid, the right of·rescission and withdrawal was unquestionable lost by the failure of the lessors to seasonably assert it. We do not understand that any serious contention is made to the contrary. The installment due November 4th for the half month ending November 19th was paid to and accepted by the lessors' agent, on November 30th, the day before the declaration and notice of rescission was presented to the lessee, without objection by him.

(3) The defendants' right of rescission must therefore be grounded, as it in fact was, on the lessee's default in the payment due on November 19th for the half month ending December 4th. It had been agreed between the lessee and defendants' agent, Donald, that this payment should be made on November 30th, but it was not paid on that day. In the absence of a custom or agreement to the contrary, and none appears, it was the lessee's duty to tender the payment to Donald at his place of business in Mobile; and its failure to do so was a default·for which rescission could have been made at that time. In so declaring we do not overlook the lessee's contention that the lessors' repeated accept-

ance of charter money installments, without objection or warning, after the dates when they were strictly due, was such a waiver of the lessors' right of rescission as to suspend its future exercise in the absence of either a general warning that strict payment would thereafter be insisted upon, or an actual demand followed by refusal or failure to pay. That contention is based upon the soundest principles of law and justice. But we think it is clear that the express agreement in this case that the overdue installment should be paid on November 30th was, in effect, a demand for payment on that date within the spirit of the rule above stated.

(4) So far, then, as this installment was concerned, its payment on December 1st to Donald, who had already been discharged from the lessors' service in this behalf, and who was without authority to bind them in any way, did not prevent the rescission of the contract, notice of which was on that day given to the lessee by the lessors' new agents, Bestor & Young; for the mere acceptance by the lessors of this installment, which was overdue, was not inconsistent with their right of rescission for its delay.—*Brooks v. Rogers,* 99 Ala. 435, 436, 12 South. 61.

(5) But on December 4th—the first day of the new period ending on December 19th—the lessee paid to the ex-agent, Donald, the full amount of the charter money in advance for that period. Donald had no authority to collect this paymenr, and his recognition of the charter contract as still existing could not bind the lessors. Nevertheless, when he remitted this payment to the lessors, with an explicit statement that it was paid and accepted as for a new period of extended service, but two alternatives were open to them. They were bound to reject the payment entirely, or to accept it as made.

"The general rule is that, when a party indebted to the same person on more than one account makes a partial payment, he has the unqualified right to direct its application to one debt in preference to the other. The payment is voluntary, and the debtor may declare the terms upon which it is made, and the creditor must accept them, or reject the payment. If he accepts the payment, he takes it cum onere; therefore it is that, if the debtor pay with one intent which is known or communicated to the creditor, and the creditor receives with another intent, the payor must prevail."—*Pearce v. Walker,* 103 Ala. 250, 252, 15 South. 568.

[Bell v. McKay & Co.]

It can make no difference in the application of this rule that, as here, the payees were denying the existence of the obligation to which the payor applied his payment; for the reason and policy of the rule are the same in either case. By accepting the installment of charter money on December 4th, and retaining it with a knowledge of the terms upon which it was paid to and accepted by Donald, they were bound by those terms; and the legal consequence of that transaction was a waiver of previous defaults and an extension of their ship service under the charter party until its stipulated conclusion, or until another default justified its withdrawal.—*Brooks v. Rogers*, 99 Ala. 435, 12 South. 61; *Dahm v. Barlow*, 93 Ala. 120, 126, 9 South. 598.

The same result would also follow from the application of a familiar principle of the law of agency that "the principal must ratify the whole of the agent's unauthorized act or not at all, and cannot accept its beneficial results and at the same time avoid its burdens. It follows that, as a general rule, if a principal, with full knowledge of all material facts, takes and retains the benefits of the unauthorized act of an agent, he thereby ratifies such act, and with the benefits accepts the burdens resulting therefrom." —31 Cyc. 1267, 1268, and cases cited; *Crawford v. Barkley*, 18 Ala. 270, 273. Specifically:

"If an agent obtains possession of the property of another, by making a stipulation or condition which he was not authorized to make, the principal must either return the property, or, if he receives it, it must be subject to the condition upon which it was parted with by the former owner. This proposition is founded upon a principle which pervades the law in all its branches, 'Qui sentit commodum sentire debet et onus.'"— *Wheeler, etc., Co. v. Aughey*, 144 Pa. 398, 22 Atl. 667, 27 Am. St. Rep. 638; *Hitchcock v. Griffin*, 99 Mich. 447, 58 N. W. 373, 41 Am. St. Rep. 624.

It is to be conceded, of course, that the incidents accompanying the service of a ship under a charter party like this may modify some of the principles of law which ordinarily govern the conduct of the parties. Making distant and protracted voyages which cannot be interrupted, and which do not coincide with the periods for which the hire must be paid and accepted, it is conceivable that the lessors may, even after a default, accept and retain the hire for some future period necessarily to elapse before the return of the ship, and before it could be withdrawn from

service; and this might not be inconsistent with the right and the intention to rescind and withdraw under the previous default. But that qualification of the rule, even if conceded, could not be applied here, for the ship reached Ft. Morgan and was withdrawn from the charter service on December 8th. Moreover, the contingency above noted seems to have been expressly provided for by the charter party, which provides that: "Payment shall be made for such a length of time as the owners or their agents, and charterers or their agents, may agree upon as the estimated time necessary to complete the voyage."

The payment and acceptance of the installment on December 4th for the period ending December 19th had no relation to the question of a delayed return.

It results that the award of the arbitrators was erroneous as a matter of law, and the judgment will be reversed, the award will be set aside and vacated, and the cause will be remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

### ON REHEARING.

SOMERVILLE, J.—The gist of the complaint is that defendants, in violation of their contract with plaintiff's assignor, withdrew their steamship from service "on the 1st day of December, 1914, and refused thereafter to further perform the said contract."

The arbitration agreement recites that: "A dispute having arisen between the owners and charterers as to the right of the owners to withdraw the steamship St. Ninian from the charter party, * * * and thereupon the said owners having demanded an arbitration of their right to withdraw said steamship from said charter party, * * * the said owners and charterers and the said R. D. Bell hereby submit to said arbitration the determination of the question whether the said owners had the right to withdraw said steamship from said charter party on December 1, 1914, pursuant to the notice given by them to that end."

The award made on December 11, 1914, is: "We, * * * having carefully considered all the evidence submitted to us in

regard to the dispute as to rights of the owners to cancel charter of the British steamship St. Ninian with Seeberg Steamship Line, are of the opinion that inasmuch as the undisputed evidence shows that there was unpaid hire due on said steamer at the time (December 1st) of presenting written notice of withdrawal of vessel from charter, the owners are within their rights in canceling charter of said steamer with the Seeberg Steamship Line under terms of the charter party."

On motion of defendants the trial court entered judgment as follows (after reciting the preliminaries):

"And, the defendants now moving the court to enter up said award as the judgment of the court in this cause, it is ordered and adjudged that the said award be, and the same is hereby, entered as the judgment of this court in this cause, and that the defendants go hence without day. It is further ordered and adjudged that the defendants do have and recover of the plaintiff the costs of court in this behalf expended, for which let execution issue."

(6) It is now contended for the first time on this application for rehearing that the sole question submitted to arbitration was whether defendants had on December 1, 1914, a right to withdraw the ship from the charter party, and that the submission did not include the question whether defendants had waived the right by their acts or conduct after that date. If we gave consideration only to the strict terms in which the submitted question is finally stated in the arbitration agreement, we might concede the merit of the contention. But there are other things to be considered:

(1) The complaint includes not only the question of the rightfulness of defendants' withdrawal from the charter party at the moment of withdrawal, but also their further refusal to perform the contract. "The pleadings and the issues formed thereby may be looked to by way of aid in determining the scope of the submission."—5 Corp. Jur. 305. This assumes of course an element of reasonable doubt in that regard.

(2) Defendants' demand for arbitration was in general terms "of their right to withdraw said steamship from said charter party."

(3) A large part of the evidence submitted to the arbitrators related solely to the questions of waiver and estoppel by and against defendants by reason of their acceptance of the install-

ment of charter money for the period December 4th to December 19th, to which evidence there was no objection.

(4) The arbitrators recite that their award is "in the matter involved in said pending suit," and the award itself is upon a careful consideration "of all the evidence submitted to us in regard to the dispute as to the rights of the owner to cancel charter of the British Steamship St. Ninian with Seeberg Steamship Line."

(5) The finding is, specifically, that "the owners are within their rights in canceling charter of said steamer."

(6) The judgment of the court, following the generality of the award, includes a summary judgment for defendants upon the cause of action.

(7) The case has been argued in this court by counsel for both parties as if the submission included the entire question of breach by defendants, and their waiver or estoppel by acceptance of charter money. Much of the brief of counsel for appellant was devoted to the questions of waiver and estoppel, and those contentions are discussed by counsel for appellees on their merits, without any suggestion that they were not included in the submission.

Taking the record as a whole, we think it conclusively shows a practical construction of the scope of the submission by parties, by arbitrators, and by trial judge, which is wholly inconsistent with the contention now made. That it was the intention of both parties to determine, not only the rightfulness of defendants' notice of withdrawal on December 1st, but also the rightfulness of their permanent abandonment of the charter party, and that the proceeding was knowingly conducted to that end by the parties, we cannot seriously doubt. In such a case "it should not be allowed to either party to insist in this court for the first time that, in reviewing the rulings of the trial court, this court should do so without regard to that issue."—*Gainer v. Southern Ry. Co.*, 152 Ala. 186, 189, 44 South. 653, 653; 3 Corp. Jur. § 623; 5 Ency. L. & P. p. 77; § 10. But, if appellees' contention be conceded, what would be the result?

(7, 8) If the award merely ascertained the rightfulness of defendants' notice of withdrawal, on the day it was given, then it determined only a part of the issues involved in the complaint, and did not conclude plaintiff from proceeding with his cause in the circuit court. On such an award the circuit judge was with-

[Kellar v. Jones & Weeden.]

out authority to enter a summary final judgment in favor of defendants, on their motion or otherwise, and that part of the judgment was, upon the record itself, a sheer nullity.  In so declaring we do not overlook our several decisions which hold that the submission to arbitration of one question, which nesessarily assumes the determination of other preliminary questions against one of the parties, will be treated as a waiver or confession by him of such other issues.—*Ehrman v. Stanfield,* 80 Ala. 118, 121; *Thompson v. Greene,* 85 Ala. 240, 4 South. 735.  But the .submission of the narrower question in this case would by no means involve plaintiff's waiver of the subsequent questions of defendant's waiver or estoppel, for these questions do not arise until the first question is determined against  the plaintiff.

In view of these considerations, we are constrained to deny the application for rehearing.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.