145 So.2d 818

**Fletcher HAYS**

**v.**

**Mildred Haertel HAGEN.**

**I Div. 991.**

Supreme Court of Alabama.

Oct. 18, 1962.

Inge, Twitty & Duffy, Mobile, for appellant.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellee.

## PER CURIAM.

This is a suit instituted in equity by Mildred Haertel Hagen against Fletcher Hays in the Equity Court in Mobile to correct a deed and clear the title to certain property located in Mobile County more particularly described in the bill of complaint. The case was tried orally before the court with the result that the court entered a final decree granting relief to the complainant. This appeal is from that decree.

There is no need to attempt to set out all the evidence but certain salient facts in the evidence will be described in order that this opinion may be better understood. The undisputed testimony shows that Thomas Bufford received a deed to the property from Fred Evans in 1935. Thomas Bufford and wife conveyed the property to John T. Haertel in December 1945. John T. Haertel died in April 1948 leaving all of his property to his wife Mildred B. Haertel (complainant).

John T. Haertel and wife on June 14, 1947 conveyed the property to Fletcher Hays but the name of Mildred B. Haertel did not appear in the body of the deed. We set out the description contained in the deed:

> The South Half of Lot 35, Block 40 Citronelle, Alabama, containing 4½ acres, more or less. It is understood that the party of the first part does not convey the minerals, which include all oil, gas, etc., under the above described property.

It will be noted that it was expressly stipulated that the party of the first part does not convey the minerals which include all oil, gas, etc. under the above described property.

In 1955 Fletcher Hays who had received the deed from John T. Haertel wished to borrow money on the property and learned for the first time that the name of Mildred B. Haertel did not appear as grantor in the body of the deed.

The deed involved in this case was executed by Mildred B. Haertel on May 24, 1951 and recites that the purpose of its execution was to correct and confirm the deed from John T. Haertel and wife Mildred B. Haertel to Fletcher Hays dated June 14, 1947. Without dispute there was no consideration for the execution of the deed. This corrective deed contained no specific reservation of the minerals under the land in question as did the deed which it sought to correct. This omission from the deed was not discovered until late 1955 or early 1956 and this suit was commenced in 1956 to quiet title to the minerals by Mrs. Haertel who was then Mildred Haertel Hagen. There is no doubt that the corrective deed to which we have referred from Mrs. Haertel to Fletcher Hays was for the purpose of clearing up the title to the land to which we have referred. But it is insisted by the appellant that Mr. McDonough who had procured the deed was acting as the agent for Fletcher Hays at the time he secured the corrective deed and that a deed cannot be corrected for a mistake in connection with a deed except where the mistake is mutual.

Such authorities as Ballentine v. Bradley, 236 Ala. 326, 182 So. 399, are cited to support this proposition. In other words it is the position of the appellant that since there was no fraud in the procurement of the corrective deed and no mutual mistake the deed cannot be reformed.

We believe, however, that a careful consideration of the evidence will support the finding of the court that the deed could be

reformed. There 'is' evidence tending to show that when Mr. McDonough procured the corrective deed from Mrs. Hagen he was acting for and on behalf of Fletcher Hays in having the corrective deed executed and that Fletcher Hays received the benefits therefrom and the acts of Mr. McDonough in connection with the procurement of the corrective deed was ratified by Fletcher Hays by accepting the deed and the benefits resulting therefrom. In Bell v. McKay & Co., 196 Ala. 408, 72 So. 83 this court said:

> "The same result would also follow from the application of a familiar principle of the law of agency that 'the principal must ratify the whole of the agent's unauthorized act, or not at all, and cannot accept its beneficial results and at the same time avoid its burdens. It follows that, as a general rule, if a principal, with full knowledge of all material facts, takes and retains the benefits of the unauthorized act of an agent, he thereby ratifies such act, and with the benefits accepts the burdens resulting therefrom.' 31 Cyc. 1267, 1268, and cases cited. Crawford v. Barkley, 18 Ala. 270, 273."

See also Navco Hardwood Company v. Bass, 214 Ala. 553, 108 So. 452.

In this connection we must consider whether John T. Haertel owned the property involved at the time of the conveyance to Fletcher Hays. We think it is clear that the reservation made by John T. Haertel to the minerals in the original deed was effective. In the case of Sanford v. Alabama Power Co., 256 Ala. 280, 54 So. 2d 562, the reservation in that deed was similar to the reservation in this one. The property was conveyed by an unqualified granting clause except as to such qualifications as followed the description of the lands. Following the description of the land and in the habendum clause the deed recited:

> " * * * together with all & singular the tenements & appurtenances

thereunto belonging or in anywise appertaining * * * with the exception of the F. Montgomery mineral agreement, to wit all the mineral access to all timber needed & together with on tenth of the surface, wright of way whatsoever * * * etc."

This court appears to have had no difficulty in decreeing that there was a clear intention on the part of the grantor to reserve the minerals and that the deed was effective for this purpose. We think it is clear that under the law of Alabama the minerals were reserved. Our recent case of Holmes v. Compton, 273 Ala. 554, 142 So. 2d 697, is decisive of this question and is reaffirmed.

■ The minerals were vested in Mrs. Haertel when the corrective deed was requested in 1951. As pointed out there was no consideration paid for the corrective deed and the purpose of the deed clearly shows that it was the intention of the grantor to do no more than to "correct errors" which were made in the 1947 deed and the only error which was made in the 1947 deed was in naming the grantor. We think it clearly shows that the 1951 deed, which was given for the purpose of confirming what had been conveyed in 1947 and to correct errors in that deed, did not convey the mineral interests. We note the following which appears in Henry v. White, 257 Ala. 549, 60 So.2d 149:

> "The real inquiry in the construction of a deed is to establish the intention of the parties, especially that of the grantor; but a corollary to this rule is that the intention must, if possible, be gathered from the language used in the instrument submitted for the construction and that, when it can in this way be ascertained, arbitrary rules are not to be applied * * * so-called arbitrary rules should never be resorted to until all efforts * * * have failed."

■ Upon careful consideration of the evidence we have reached the conclusion

that the court was correct in finding in favor of the complainant and making the following statement contained in its final decree:

"A Court of Equity will reform a deed or mortgage by correcting a mistake in the description of the land conveyed, when the mistake is clearly and satisfactorily proved, and it can be corrected without injury to an innocent purchaser."

The foregoing opinion was prepared by STAKELY, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.