This is a deed construction case. The only issue is whether the trial court erred in construing a 1924 deed from J.M. Holliman to the Citizens Bank of Fayette to effect a mineral exception for the benefit of the grantor.
In 1917, the United States granted a land patent for the subject property to William Aldridge; the patent reserved to the United States all the coal in the described property. Aldridge mortgaged the property, without mineral reservation, to the Citizens Bank of Fayette. In 1923, the mortgage was foreclosed, and the property was conveyed to J.M. Holliman, the highest bidder at the sale. In 1924, Holliman executed a deed to the Citizens Bank of Fayette; the deed states, "It being the intention of the grantor to convey to Citizens Bank of Fayette such interest and title as acquired from said Citizens Bank of Fayette. It is understood that the mineral rights are excepted." The 1924 deed contained an error in the property description, which was remedied in 1925 by the execution of a corrective deed; that corrective deed made no mention of the mineral interests in this property.[1]
Both the plaintiffs, who claim through Holliman, and the defendants, who claim through a 1944 deed from the bank to E.A. Bagwell, moved for summary judgment. The trial court found that the 1924 deed excepted to the grantor Holliman the mineral interests (other than coal) in this property and entered summary judgment in favor of the plaintiffs.
None of the parties in this case disputes the facts alleged in any of the documents submitted with the summary judgment motions. This Court has held that when the facts of a case are undisputed and the trial court's judgment is to be based solely upon a legal interpretation or conclusion, then the court may grant summary judgment. Walker v. Wilson, 469 So.2d 580, 582
(Ala. 1985). *Page 278 
As this Court stated in Financial Investment Corp. v.Tukabatchee Area Council, Inc., 353 So.2d 1389, 1391 (Ala. 1977):
 "It is, of course, a fundamental rule of construction that the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, resort to arbitrary rules of construction is not required. Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975); Gulf Oil Corp. v. Deese, 275 Ala. 178, 153 So.2d 614 (1963).
 "The courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, 'to be collected from the entire instrument.' Brashier v. Burkett, 350 So.2d 309 (Ala. 1977); Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420 (1951).
 ". . . [W]here a deed is of doubtful meaning, or where the language of a deed is ambiguous, the intent of the parties to the deed as to what property is conveyed may be ascertained by reference to facts existing when the instrument was made, to which the parties may be presumed to have had reference. Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723 (1968).
 "However, if the language is plain and certain, acts and declarations of the parties cannot be resorted to, to aid construction. Id.; Hall v. Long, 199 Ala. 97, 74 So. 56 (1916).
". . .
 "In ascertaining the intention of the parties, the plain and clear meaning of the deed's terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out. Camp v. Milam, 291 Ala. 12, 277 So.2d 95 (1973)." (Emphasis original.)
The defendants argue that Holliman intended to convey to the bank all of his interest in the property because the deed states, "It being the intention of the grantor to convey to Citizens Bank of Fayette such interest and title as acquired from said Citizens Bank of Fayette." This argument ignores the rules that intention is to be ascertained from the entire instrument, Financial Investment Corp., supra, and that every distinct provision in a conveyance is presumed to have been inserted for a purpose. Martin v. Smith, 404 So.2d 341, 344
(Ala. 1981). The deed in question also states, "It is understood that the mineral rights are excepted." Defendants claim that this statement, if it is given effect, makes the deed ambiguous, and thus that this Court must resort to the contemporaneous and subsequent actions of the parties in order to determine the intention of the grantor.
This Court has held that when it clearly appears in the deed that the grantor intended to reserve or except certain mineral rights in the property, the reservation or exception will be valid even though the granting clause contains words of inheritance. Holmes v. Compton, 273 Ala. 554, 142 So.2d 697
(1962). In Union Oil Co. v. Colglazier, 360 So.2d 965 (Ala. 1978), we examined a number of cases from other jurisdictions in regard to what kind of language would work a valid exception of mineral rights. Two of these cases are illustrative:
 "In Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471
(1952), the grantor conveyed certain tracts by warranty deed '[s]ubject to one-half interest in mineral and oil rights as conveyed to Wm. Henderson.' In fact, there was no prior conveyance and no such person as 'Wm. Henderson.' Title to the one-half mineral interest remained in the grantor, and the grantee was deemed to own only what he was purchasing — all the land and one-half of the minerals.
 "In Oldham v. Fortner, 221 Miss. 732, 74 So.2d 824 (1954), the grantor conveyed land 'except all minerals and mineral rights, heretofore sold and conveyed.' This was held to be a valid exception of all of the mineral rights, whether or not the prior conveyance of mineral rights was valid."
360 So.2d at 968.
In Sanford v. Alabama Power Co., 256 Ala. 280, 284-85,54 So.2d 562, 565 (1951), *Page 279 
this Court looked at the following clause in a deed:
 "[W]ith the exception of the F Montgomery mineral agreement, to wit all the mineral access to all timber needed together with on tenth of the surface, wright of way whatsoever of H A Key his heirs assigns free from claim or claims of all 
every person or persons whomsoever as also the claim of the General Government."
This Court held that from the above language "it appears that the grantor, Key, intended to and did except the mineral interests from the conveyance." 256 Ala. at 285,54 So.2d at 566.
We find that Holliman's deed to the bank, taken as a whole, is not ambiguous and clearly expresses an intention to except the mineral rights from the grant. Because the deed is not ambiguous, we do not need to resort to the contemporaneous and subsequent actions of the parties to aid construction.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.
[1] The 1925 corrective deed corrected only an error in part of the property description; it did not act as a complete revision of the 1924 deed. See Hays v. Hagen, 274 Ala. 128,145 So.2d 818 (1962).