# Hall v. Long.

### Ejectment.

(Decided June 8, 1916.   Rehearing denied January 18, 1917.
74 South. 56.)

1. **Deeds; Land Conveyed; Particular Descriptions Limited.**—The words "west of Brady Mill creek" in a deed to L. of the N. E. ¼ and N. E. ¼ of S. E. ¼ and N. W. ¼ of S. E. ¼ and 20 acres more or less of the S. E. ¼ of the S. E. ¼ northeast of the A. creek and west of Brady Mill creek, in section 20, T. 6, R. 29, containing 260 acres, more or less," applies only to the 20-acre tract, and not to the N. E. ¼, which would do violence to the explicit and unqualified description thereof, and cut off 30 or 40 acres of it and reduce the land granted to 220 or 230 acres; and this though the 20-acre tract does not lie immediately west of the creek.

2. **Deeds; Limitation on Particular Description.**—A deed otherwise conveying with certainty a quarter section does not indicate an intention to convey only the part west of a creek, by provision that, if the grantee shall at any time build a mill on the creek, the grantor agrees to give him an easement on the east side thereof, so as to secure ingress and egress, where the grantor owns other land on the east side.

3. **Deeds; Construction by Parties.**—Though if a deed is of doubtful meaning, or its language ambiguous, the construction given it by the parties, as exhibited by their conduct or admissions, will be deemed the true one, unless the contrary be shown, yet, if the language is plain and certain, their acts and declarations cannot be resorted to to aid a construction.

4. **Deeds; Latent Ambiguity; Burden of Proof.**—Where a latent ambiguity in a deed can arise from grant of an easement of way over land east of a creek only if the grantor owned no land east of the creek, other than part of that in terms granted by the same deed, one contending for the ambiguity has the burden of showing that he owned no other land there.

APPEAL from Henry Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by J. B. Long against R. F. Hall for twenty acres of land, part of the northeast quarter of section 20, township 6, range 29, lying east of Brady Mill Creek.   Judgment for plaintiff and defendant appeals.   Affirmed.

[Hall v. Long.]

Lee & Glover, Hill, Hill, Whiting & Stern and William C. Oates for appellant.   B. J. Farmer and T. M. Espy for appellee.

ANDERSON, C. J.—The description of the land in the conveyance over which this controversy arose is as follows: "The northeast quarter and northeast quarter of southeast quarter and northwest quarter of southeast quarter and 20 acres more or less of the southeast quarter of the southeast quarter northeast of the Abba creek and west of Brady Mill creek, in section 20, township 6, range 29, containing 260 acres, more or less; and should said Long at any time build a mill on said Brady Mill creek, I agree to give him an easement on the east side thereof so as to secure the ingress and egress to said mill."

(1) The question involved in this case is whether or not that part of the general description placing certain of the land west of the "Brady Mill Creek" applies to the 20 acres more or less in the S. E. ¼ of the S. E. ¼ as lies northeast of Abba creek alone, or also applies to the N. E. ¼ so as to exclude so much thereof as lies east of the Brady Mill creek from the tract of land conveyed by W. C. Oates to W. O. Long, as the land involved in this suit is all of the E. ½ of the N. E. ¼ as lies east of said creek.   (The reporter will set out the map on page 12 of the record.)

EXHIBIT E.

PLAT OF SECTION 20, TOWNSHIP 6, RANGE 29.

[Hall v. Long.]

The deed from Oates to W. O. Long unequivocally and without qualification or limitation conveys the N. E. ¼, N. E. ¼ of S. E. ¼ and N. W. ¼ of S. E. ¼, being six full 40's as per government survey. It does not say so much of the N. E. ¼ only as lies west of the Brady Mill creek or all of said N. E. ¼, less so much thereof as lies east of said creek. The last part of the general description as to land west of said Brady Mill creek necessarily applies to the fractional part of the S. E. ¼ of S. E. ¼ northeast of Abba creek and estimated at 20 acres, and the words "more or less" were intended to cover any error in said estimate. The land was sold by metes and bounds, and was supposed to contain 260 acres more or less, being six full 40's, 240 acres, and as much of the S. E. ¼ of S. E. ¼ as was northeast of Abba creek and west of Brady Mill creek, estimated at 20 acres "more or less." On the other hand, to hold that the words "west of the Brady Mill creek" applied to the N. E. ¼ would take therefrom 30 or 40 acres on the east side and read into the particular description a conveyance of a fractional quarter section, though said quarter section is conveyed in full without limitation, and would also cut down the quantity from 260 acres to 220 or 230 acres, subject, of course, to a variation as to quantity in either instance, in the estimate of the fractional part of the S. E. ¼ of S. E. ¼. The fact that the land in the S. E. ¼ of the S. E. ¼ does not lie immediately west of the Brady Mill creek does not compel the last recital to apply to the N. E. ¼, as said S. E. ¼ of S. E. ¼ is west of said creek, and it is not placed in the description as being immediately west. It would do violence to the explicit and unqualified description of the N. E. ¼ to cut 30 or 40 acres off of the east side by making the creek the dividing line at this point; yet the whole thing can be reconciled by making the words 'west of Brady Mill creek" apply only to an effort to aid in the description of the fractional part of the S. E. ¼ of the S. E. ¼, the parties, perhaps, thinking that said creek was nearer to or ran through same.

(2) Nor do we think that the granting of the easement over lands of the grantor on the east side of the Brady Mill creek, in the event the grantor wanted to place a mill on said creek, indicates that there was no intention to convey any lands east of said cheek, as the grantor owned other lands east of the creek and the use of wihch may have been necessary for ingress and egress. Moreover, there is a point where the creek

[Hall v. Long.]

·is the border line in the lower part of the N. E. ¼, and it may be that the mill was to be placed at this point, and which would place the east bank on the unconveyed land of the grantor.

(3) There can be no doubt of the soundness of the proposition that, where a deed. is of doubtful meaning, or the language used is ambiguous, the construction given by the parties themselves, as exhibited by their conduct or admissions, will be deemed the true one, unless the contrary be shown.—13 Cyc. 608. But if the language is plain and certain, acts and declarations of the parties cannot be resorted to to aid a construction.—*Dunn v. Mobile Bank*, 2 Ala. 152. We think that the deed in question plainly shows that the grantor conveyed all of the N. E. ¼, and that it was not reduced by excluding therefrom all that was east of Brady Mill creek. It is also plain that the description as to section, township, and range applied to all the land, and which cannot be limited to the S. E. ¼ of the S. E. ¼ simply because the general description as to boundaries was so limited.

The trial court did not err is giving the general charge for the plaintiff, and the judgment is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

ON REHEARING.

ANDERSON, C. J.—(4) It is suggested that the opinion is erroneous in the statement that Oates owned other land east of ·Brady Mill creek at the time he executed the deed to W. O. Long. We confess that the statement, though a most natural assumption of a fact, is erroneous; for while Oates subsequently. conveyed the lands east of the Long land, the proof does not show that he owned it at the time the Long deed was executed, and if, as a matter of fact, the grantor, Oates, did not own lands immediately east of the Brady Mill creek other than the strip in controversy, the leave for ingress to and egress from a mill to be erected by the grantee on the west bank of the creek would be of considerable significance, and would probably produce a latent ambiguity, not by way of a general description over a particular one, but as a qualification or limitation upon the particular description. Inasmuch, however, as the description of the land in the N. E. ¼ is definite and certain, the recital as to the mill

[Lampkin v. Stout, et al.]

could not render it ambiguous unless it was accompanied by proof that the strip in question was all the land that Oates owned east of the Brady Mill creek attingent to the tract conveyed to W. O. Long. The opinion should have said, however, that from aught that appears, Oates owned other lands east of the creek, instead of stating as a fact that he did. In other words, it was incumbent upon the party contending for a latent ambiguity to establish the same, and the recital of the deed as to the mill and ingress to and egress from could render the particular description doubtful and uncertain only when accompanied by proof that the grantor, Oates, owned no other land east of the creek over which one would have to go to reach a mill on the west bank of the creek.

The application for rehearing is overruled.