174 So. 606

## GENTLE et al. v. FREDERICK.

### 6 Div. 121.

Supreme Court of Alabama.

May 20, 1937.

Roy Mayhall, of Haleyville, for appellee.

BOULDIN, Justice.

Bill to sell lands for division.

The issue, purely one of law, is whether appellants own each a one-half interest in the property, or each owns a one-third interest, the other third being owned by their sister, the appellee.

Admittedly this turns on the construction of a deed made by their father, Jesse Gentle, to another sister, Mary L. Gentle, now deceased.

This deed is in the usual form of a warranty deed conveying a title in fee simple. The recited consideration is "one dollar and other valuable consideration." The granting clause is "do grant, bargain, sell and convey unto the said Mary L. Gentle" the property described.

The habendum clause reads: "To have and to hold the same unto the said Mary L. Gentle, her heirs and assigns, forever." Then follows the usual covenants of seisin in fee simple, freedom from incumbrance, good right to convey, and: "That I will, and my heirs, executors, and administrators shall warrant and defend the same to the said Mary L. Gentle, heirs, executors, and assigns, forever, against the lawful claims of all persons whatsoever."

But written into the body of this deed between the description of the property and the habendum clause is the following: "The consideration and intention of the maker of this deed *directs* that at the death of Mary L. Gentle the title to the above land pass to her sisters that are living, Susan E. Gentle, Minnie F. Gentle, Nancy R. Gentle and Martha J. Gentle but *directs* that she may at any time sell and convey same at her will while she is living." (Italics supplied.)

The grantee, Mary L. Gentle, did not sell and convey the lands while living, but undertook to pass the property by will to

186

her two sisters, Nancy R. Gentle and Martha J. Gentle, the appellants.

The appellee, formerly Susan E. Gentle, claims a one-third interest as one of the three sisters of the grantee, surviving at her death, by virtue of the remainder limited under the above-quoted clause of the deed.

In the very recent case of Reeves v. Tatum, 233 Ala. 455, 172 So. 247, considered by the full court, practically all the governing principles here involved were treated with a review of authorities. Without reviewing the authorities, we are of opinion:

First. If the deed passed to the grantee only a life estate, with remainder limited to the surviving sisters, the further power of disposition conferred upon the grantee did not pass a fee-simple title to her as against the remaindermen. Code 1923, § 6928. Reeves v. Tatum, supra.

Second. The power to sell and convey while living did not carry the power to dispose of by will. Reeves v. Tatum, supra. The instant case turns, therefore, on whether the deed passed to the grantee a fee-simple title, or only a life estate, coupled with a power of disposition which was never exercised. Admittedly this is to be determined from the deed itself. No averments of surrounding circumstances to aid in its construction appear.

It is a well-established rule that where the deed employs words of grant which clearly import an estate in fee simple, such estate is not to be cut down to a less estate, except by other provision equally certain. Ralls v. Johnson, 200 Ala. 178, 180, 75 So. 926; Pearce v. Pearce, 199 Ala. 491, 498, 74 So. 952; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651.

In every case, however, the final purpose of all rules of construction is to ascertain and give effect to the intent, if not unlawful. The entire instrument, as well as its several parts, is to be looked to for this purpose. Every distinct provision in a conveyance is presumed to have been inserted for a purpose. The document should be so construed as to give a field of operation to its several provisions, if practicable.

We are of opinion the above-quoted provision did pass to the surviving sisters a remainder interest in this land, and thereby limited the estate of the first taker to a life estate, coupled, however, with a power of disposition for her own benefit during her life.

Appellant emphasizes the word "directs" in the connection used as importing something less than an express limitation of a remainder estate. A direction or request made to one granted a fee may be construed as merely directory, or expressive of a wish.

Such is not the context here. The grantor directs that "the land pass" to the sisters on the death of the first taker, not that the first taker do something by which it shall pass. To "direct" is to assume the role of a director, one whose directions are binding. We observe the same word is used in creating the power of disposition. It would not be questioned that it is there used in the sense of "give" or "grant." Moreover, the insertion of this power implies that without it, there would be no such power. It would be useless and meaningless if the first taker was intended to have a fee-simple title, carrying a power of disposition in any manner the owner may elect.

That this power was limited to a disposition while living indicates a purpose to give the grantee not merely the use of the lands, and income therefrom, but the power to make the corpus available for her needs during life.

To construe the deed to pass a fee-simple title to Mary L. Gentle is to strike out the entire provision inserted in the deed as wholly without meaning. We do not think this would give expression to the intent of the grantor.

The views of the trial court were in accord with the above.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.