50 So.2d 420

### STRATFORD v. LATTIMER et al.

### 3 Div. 583.

Supreme Court of Alabama.
Feb. 1, 1951.

Rehearing Denied Feb. 22, 1951.

Rives & Godbold, of Montgomery, for appellant.

Walter J. Knabe, of Montgomery, for appellee.

SIMPSON, Justice.

Appeal from a decree sustaining demurrer to a bill for declaratory judgment for the construction of a deed and for relief incident thereto. Decision turns on a proper construction of the deed.

The deed was one of gift executed May 11, 1898, by S. Cornelia Graham to her daughter, Eugenia Stratford, for life with remainder over after her death to Eugenia's children, etc. When the deed was executed the grantee's children were Celia Stratford (Lattimer) and William Stanley Stratford, the appellees, and John B. Stratford, who predeceased his mother, leaving as his only descendant his son, Frank de Graffenreid Stratford, the appellant, who filed the bill. In essence, the question is whether the conveyance to Eugenia granted to her said children a vested remainder or a contingent remainder or a vested remainder subject to be divested. See Smaw v. Young, 109 Ala. 528, 547, 120 So. 370; Lyons v. Bradley, 168 Ala. 505, 53 So. 244.

The two pertinent provisions of the deed appear in the granting and habendum clauses. The granting clause recites that the grantor, Mrs. Graham, has "* * * granted, bargained and sold, and by these presents do hereby grant, bargain, sell and convey unto the said Eugenia Stratford, *for and during the term of her natural life, and after her death to her children,* the following described real estate" (describing it). (Emphasis ours.)

The habendum clause of the deed reads: "To have and to hold the aforegranted premises, together with the appurtenances,

privileges and improvements thereunto belonging, unto the said Eugenia Stratford for and during the term of her natural life and after her death to her children or their descendants; *that is if any of the said Eugenia Stratford's children shall die before the said Eugenia, leaving a child, or children, such child or children shall take the interest in said lot to which the parent would have been entitled had it been living."* (Emphasis supplied.)

During the lifetime of the grantee, Eugenia, and before her son John B.'s death, her said three children executed a deed of conveyance quitclaiming to her all of their right, title and interest in the property; and on her death, Eugenia, by will devised the property to her two then living children, Celia and William Stanley, the appellees here. As observed, John B. predeceased his mother and the contention of his brother and sister, the appellees, is that the granting clause conveyed to the three children then living when the deed was executed and delivered a vested remainder in the property, on the basis of which the complainant would have no interest, his father having theretofore during his lifetime quitclaimed his vested interest to the life grantee in the original deed. The trial court was in agreement with this theory and therefore sustained the demurrer to the bill.

The complainant, who has appealed from that decree, however, argues that the disposition to Eugenia's children was per stirpes and that the remainder to them was defeasible on condition subsequent, viz., by the death of child, before Eugenia's death, leaving children; that, therefore, since that event occurred, the complainant, being the only child or descendant of John B. Stratford, became vested with an undivided interest in the property by virtue of the habendum clause in the deed.

Unless our effort to construe the two recitals in the deed should become ensnared with arbitrary rules of construction which would distort the real apparent language of the conveyance, we think it plain that the construction sought for by the bill to be a correct one and adverse to the ruling below.

The trial court was evidently guided in his conclusion by the general principles (1) that the granting clause, unless ambiguous or obscure, prevails over introductory recitals or statements in the habendum clause, if contradictory or repugnant thereto, Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L.R.A.,N.S., 719; Reynolds v. Reynolds, 208 Ala. 674, 95 So. 180; (2) where an estate is expressly granted, a reservation, exception or restriction following which destroys the grant is void, Horticultural Development Co. v. Lark, 224 Ala. 193, 193 So. 229; and (3) absent of a clear showing of an intention to the contrary, estates will vest and an intent to postpone vesting must be clearly established. McCurdy v. Garrett, 246 Ala. 128, 19 So.2d 449.

While these rules of construction are steadfastly adhered to, they must be considered in the light of the governing rule that the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, arbitrary rules should not be allowed to subvert that intention. Deramus v. Deramus, 204 Ala. 144, 85 So. 397; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Irwin v. Baggett, 231 Ala. 324, 164 So. 745; Dickson v. Van Hoose, supra; Cobbs v. Union Naval Stores, 202 Ala. 333, 80 So. 415; Gentle v. Frederick, 234 Ala. 184, 174 So. 606.

It is, of course, true that arbitrary rules of construction must control if there be two clauses in a conveyance which are utterly inconsistent with each other and which cannot be reconciled or made to stand together, under which circumstances the granting clause prevails. But this rule should never be resorted to until all efforts to reconcile the conflicting parts have failed. Deramus v. Deramus, supra. And if from a consideration of the entire instrument there is doubt or obscurity as to the real meaning of the granting clause, the entire instrument must be construed so as to give effect to all of its provisions if possible. These rules merely mean to assert the cardinal rule of interpretation,

which was so aptly stated by Justice Bouldin in Gentle v. Frederick, supra, to wit: "In every case, however, the final purpose of all rules of construction is to ascertain and give effect to the intent, if not unlawful. The entire instrument, as well as its several parts, is to be looked to for this purpose. Every distinct provision in a conveyance is presumed to have been inserted for a purpose. The document should be so construed as to give a field of operation to its several provisions, if practicable." 234 Ala. 186, 174 So. 607.

Indeed, it is made so by our statute law that the courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, "to be collected from the entire instrument." Code 1940, Title 47, §§ 23, 17; Reynolds v. Reynolds, supra, 208 Ala. 677, 95 So. 180.

■ In the light of these rules of construction, we think it unsound to hold that it was the intention of the grantor to vest in the three children of Eugenia living when the deed was executed and delivered, a vested remainder interest; otherwise the *habendum would be absolutely meaningless.* On the contrary, as the language of the deed recites, the grantor obviously intended that "if any of said Eugenia Stratford's children shall die before the said Eugenia, leaving a child, or children, such child or children shall take the interest in said lot to which the parent would have been entitled had it been living."

■ We do not think the two clauses, the granting and habendum clauses, presented by the deed are utterly, if they be at all, inconsistent. The quoted clause of the habendum merely results in rendering the term "children" used in the granting clause ambiguous, in which case to carry out the obvious purpose or intention of the grantor, another well-established rule intervenes to aid construction; that is, the term "children" may be enlarged to include "grandchildren." Spencer v. Title Guarantee Loan & Trust Co., 222 Ala. 221, 223, 132 So. 32; Benners v. First National Bank, 247 Ala. 74, 22 So.2d 435; Cooper **v.** Birmingham Trust & Savings Co., 248

Ala. 549, 28 So.2d .720, 725; Wilson v. Rand, 215 Ala. 159, 110 So. 3.

■ While it is, of course, to be conceded that when an instrument employs the term "child" or "children" in a technical or legal sense, grandchildren are not included, for, as stated in Restatement of Property, p. 1498, § 285 (1) a: "* * * This restriction is a product of the fact that the term 'children' when used by a conveyor to describe the takers under his limitation is one ordinarily used to describe immediate offspring only. Hence, when this term is found, without additional language or circumstances indicating a different meaning, the inference is both reasonable and proper that the user intended to exclude descendants of the designated parent more remote than those of the first generation."

■ Here, however, the deed does present additional language importing a meaning different from the technical meaning of "children," in which circumstances to give effect to the true meaning of the instrument, the term will be construed to embrace grandchildren. Apposite is that statement in Spencer v. Title Guarantee Loan & Trust Co., supra, 222 Ala. 223, 132 So. 34, to wit: "* * * to ascertain and give effect to the intention of the grantor or testator, the great end of all construction, the term 'children' may be and often is enlarged to include 'grandchildren.' "

■ Frankly, we can see no room for any other construction under the rule of our cases, since the grant in remainder to the children of Eugenia is clearly testamentary in character, and in such cases we have adopted the principle employed in construing wills that the word "child" will be extended to comprehend "grandchild" and issue generally where (1) from necessity the testamentary disposition will be inoperative unless the meaning is extended beyond its natural import, or (2) when from the entire instrument it appears the testator did not intend to use the word "child" in its strictly technical sense. Spencer v. Title Guarantee Loan & Trust Co., supra; Wilson v. Rand, supra; Scott

v. Nelson, 3 Port. 452, 29 Am.Dec. 266. See also Restatement, supra, p. 1496 et seq., § 285. Manifestly, the first alternative of the rule, if not the second too, is here applicable, since from necessity the conveyor's intent would be rendered inoperative unless the meaning is extended beyond its technical sense to include grandchildren.

We think it sound to hold, therefore, that the language of the conveyance from Mrs. Graham to her daughter, Eugenia, imports a contingent stirpital disposition of the property to the grantee's children after grantee's death, resulting that the appellant, child of John B. Stratford, received his deceased father's share on the death of said grantee. .

Error, therefore, prevailed in sustaining demurrer to the bill, so a decree will here be rendered overruling the same.

Reversed, rendered and remanded.

FOSTER, LAWSON, and STAKELY, JJ., concur.