215 So.2d 723

**Arthur F. LIETZ**

**v.**

**Harold C. PFUEHLER et al.**

**1 Div. 541.**

Supreme Court of Alabama.

Nov. 7, 1968.

Owens & Patton, Bay Minette, for appellees.

C. LeNoir Thompson, Bay Minette, for appellant.

KOHN, Justice.

A bill of complaint was filed by complainants, Harold C. Pfuehler and Esther H. Pfuehler, in the circuit court of Baldwin County, Alabama, in equity, seeking to enjoin the respondent, Arthur F. Lietz, from interfering in any way with the use by the complainants of the following described property situated in Baldwin County, Alabama:

> "Lots 3, 4, 7, and 8, Block 15, River Park, Baldwin County, Alabama, according to the plat of lands of the River Park Fruit Company, recorded in Deed Book U at page 199, in the Office of the Probate Judge of Baldwin County, Alabama."

A temporary injunction was issued on May 23, 1967 by the circuit court of Baldwin County, in equity, enjoining Arthur F. Lietz (respondent below) from interfering in any way with the use by the complainants of a garage apartment situated upon the above described property.

On May 25, 1965, respondent, Arthur F. Lietz, filed an answer and a cross-bill seeking to reform a warranty deed executed between respondent and the complainants.

The respondent (appellant here) also filed a motion to dissolve the injunction and in the alternate to discharge the injunction.

The appellees (complainants below) demurred to the answer and cross-bill and the cause was put to trial without a ruling entered on the demurrer until the final decree. The testimony of the witnesses was heard ore tenus.

The trial court concluded that the complainants were entitled to the relief prayed for and permanently enjoined the respondent from interfering in any manner with the use by the complainants of the following described property situated in Baldwin County, Alabama.

"Lots 3, 4, 7 and 8, Block 15, River Park, Baldwin County, Alabama, according to the plat of land of the River Park Fruit Company, recorded in Deed Book 'U' at page 199, Baldwin County, Alabama Records, EXCEPTING from the above described property, a dwelling house situated thereon and presently occupied by the said Arthur F. Lietz."

On March 2, 1962, Arthur F. Lietz executed a warranty deed to the appellees. The appellant reserved to "himself during the remainder of his natural life the uses, rents and occupancy of the dwelling located on Lot 3 of this tract or whatever lot of said property the said dwelling is located." The controversy between the appellant and appellees centers around the use of a garage apartment, which is also located on the property described in the warranty deed executed between the appellant and the appellees.

There are two issues presented on this appeal. First, does the weight of the evidence support the decree of the trial court? In other words, did the life estate which Arthur Lietz reserved in the deed cover only a specific dwelling, or did it also include use of the garage apartment, as well

as the dwelling? Secondly, did the trial court commit reversible error in sustaining the complainants' (appellees') demurrer to the respondent's and cross-complainant's cross-bill?

The question is not whether this court would have decided as the trial court did, but whether the trial court's decision has foundation in the evidence. We think that it does.

■ This court has held on numerous occasions that where the evidence in a suit in equity was heard by the lower court ore tenus, and the conclusions of the court are supported by the evidence, the decree will not be reversed. Inland Mutual Ins. Co. v. Hightower, 276 Ala. 291, 161 So.2d 493; Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582; Burke v. Burke, 208 Ala. 502, 94 So. 513.

■■ If the language of a deed is plain and certain, the acts and declarations of the parties cannot be resorted to, to aid in construction thereof. Hall v. Long, 199 Ala. 97, 74 So. 56. We have carefully examined the language of the deed executed between the appellees and appellant on March 2, 1962, and we cannot conclude that the language contained therein is on its face ambiguous. The pertinent portions of the deed state:

"That in consideration of Ten ($10.00) Dollars to the undersigned grantor or grantors in hand paid by the GRANTEES herein, the receipt whereof is acknowledged we, Arthur F. Lietz, unmarried (herein referred to as grantors) do grant, bargain, sell and convey unto Harold C. Pfuehler and Esther H. Pfuehler (herein referred to as GRANTEES) for and during their joint lives and upon the death of either of them, and to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate situated in Baldwin County, Alabama, to-wit:

"Lots 3, 4, 7 and 8, Block 15, River Park, Baldwin County, Alabama, according to the Plat of lands of the River Park Fruit Company recorded in Deed Book U, page 199, in the office of the Probate Judge of Baldwin County, Alabama.

"Grantor reserves unto himself during the remainder of his natural life the uses, rents and occupancy of the dwelling located on Lot 3 of this tract or whatever lot of said property the said dwelling is located."

In view of the foregoing language, a disposition of the issues involved in this action will turn on the meaning of the word "dwelling" as used in the deed. In Mayor and Aldermen of City of Birmingham v. Birmingham Water Works Co., 152 Ala. 306, 44 So. 581, 11 L.R.A.,N.S., 613, this court stated that "the character of the occupation of the building, and not the purpose in its erection, govern the question whether the building is a dwelling or not." Reeves v. State, 245 Ala. 237, 16 So.2d 699, also defines a dwelling as a place of residence.

In Smith v. Birmingham Water Works Co., 104 Ala. 315, 16 So. 123, the following statement was made concerning the definition of a "dwelling":

Hn. "5. Dwelling; definition thereof.—The use and purposes for which a building or room are acquired and occupied must be considered in determining whether it is a dwelling; and where the building is used and resided in as a home by a man and his family, or rooms in a building are separately occupied by individuals as sleeping apartments, independently of each other, and to the exclusion of the owner of the building or other persons, such building and each of the rooms so occupied is a dwelling."

The evidence shows that at the time of the conveyance Lietz (appellant) lived in the dwelling house which was situated on Lot 3, and that he is still residing in the dwelling house located on Lot 3. The testimony also discloses that there was a shop building with an apartment above the shop, and a chicken coop *all* located some 125 feet from the dwelling house occupied by Lietz (appellant).

■ The principle is well established that, where a deed is of doubtful meaning, or where the language of a deed is ambiguous, the intent of the parties to the deed as to property conveyed may be ascertained by reference to facts existing when the instrument was made, to which the parties may be presumed to have had reference. See: Hart v. Baptist Foundation of Ala., 264 Ala. 632, 88 So.2d 681; Brown v. Huckabaa, 264 Ala. 660, 89 So.2d 180. However if the language is plain and certain, acts and declarations of the parties cannot be resorted to, to aid a construction. Hall v. Long, supra.

■ We conclude that the word "dwelling" was not intended to include the garage apartment and shop. Had the grantor intended to retain use of such building at the time of the conveyance, it would have been a simple matter for the draftsman to reserve the use of such building, that is the garage apartment and shop, to the appellant by saying so in the deed.

Appellant's assignment of error No. 6 is to the effect that the lower court erred in sustaining the demurrer to the respondent cross-complainant's cross-bill. The cross-bill sought a reformation of the deed on the ground that it allegedly contained a scrivener's error.

In Webb v. Sprott, 225 Ala. 600, 144 So. 569, this court stated:

"The bill for reformation must not only aver that a mistake was made in the instrument as executed and delivered, but it must also be made to appear that there was a mutuality of mistake, for, in the absence of fraud or inequitable conduct, a unilateral mistake will not furnish ground for a reformation. It has been broadly stated that great particularity of averment is required to authorize the reformation of a written contract for

mutual mistake, and a distinctly accurate allegation concerning the mutual mistake of the parties for the reformation of a deed, and that the mutual mistake, or circumstances from which it can be readily inferred, should be alleged with precision and clearness; otherwise the bill be subject to demurrer. * * *"

Webb v. Sprott, supra, has been cited with approval in American Liberty Ins. Co. of Birmingham v. Leonard, 270 Ala. 17, 115 So.2d 470. See also, Ballentine v. Bradley, 236 Ala. 326, 182 So. 399.

Tested by the above principles, the court did not commit error in sustaining the demurrer to the respondent's cross-bill. There was no allegation of mutual mistake.

The rule is that a bill should not be dismissed on sustaining a demurrer without giving the party an opportunity to amend, unless either the decree was rendered at a sitting of court when the parties are presumed to be present, and it does not appear that the privilege of amending was asked for, or unless there appears upon the allegations set out in the complaint or cross-bill, as the case may be, that it could be reasonably thought subject to amendment as to give it equity. Mitchell v. Conway, 257 Ala. 648, 60 So.2d 676.

To sustain the ruling of the trial court, this court will presume that the decree was rendered at a session of that court and that the respondent (cross-complainant) knew of it and did not offer to amend. Mitchell v. Conway, supra.

Rule 9 of the Revised Rules of the Supreme Court of Alabama disposes of assignments of error Nos. 4 and 5, in that they are not argued in appellant's brief.

We conclude that the trial court has committed no reversible error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.