Defendants, Financial Investment Corporation and W. Clyde Jennings, appeal from a judgment for plaintiff, Tukabatchee Area Council, Inc., Boy Scouts of America, holding, inter alia, that plaintiff owns legal title to certain disputed property. We reverse and render.
In February 1964, John and Mabel Haardt conveyed to defendant, Jennings, certain real property, described as follows:
 "All that part of the following described real estate lying northwest of Genetta ditch which bisects the said following described real estate commencing at its western boundary and running thence NE to its eastern boundary, to-wit: All that part of the NE 1/4 of Section 26, Tp. 16, R. 17, lying West of the right-of-way of the Atlantic Coast Line Railroad Company containing 146.9 acres, more or less. Also, all that part of the SW 1/4 of the NW 1/4 of Section 25, Tp. 16, R. 17, lying on the West side of the Coast Line Railroad, containing 2 acres, more or less." [Emphasis supplied.]
In September 1967, the Haardts deeded the italicized portion of the property to plaintiff. When plaintiff learned that defendant, Financial Investment Corporation, was claiming title to the disputed property as successor in title to defendant, Jennings, plaintiff filed this declaratory judgment action, seeking to quiet title to the property in itself.
A hearing was held, ore tenus, at which time extraneous evidence of the acts and declarations of the parties was admitted in evidence, and a final judgment was entered in favor of plaintiff, holding, inter alia, that it was the intention of the Haardts, which intent was understood by defendant Jennings, to convey to Jennings only that part of the property "lying northwest of Genetta *Page 1391 
ditch which bisects the said property commencing at its western boundary and running thence northeast to its eastern boundary . . ."; that Haardt retained title to the italicized portion of the property; and, that the Haardts subsequently conveyed legal title to the italicized portion to plaintiff, which is now the sole owner and holder of legal title to said property.
Defendants advance several contentions on this appeal for reversal, including the contention that the trial court erred to reversal in admitting extrinsic evidence of the parties' intentions because the language of the deed in question was unambiguous. Since we agree with defendants as to this contention, we need not address the other issues.
It is, of course, a fundamental rule of construction that the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, resort to arbitrary rules of construction is not required.Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975); Gulf OilCorp. v. Deese, 275 Ala. 178, 153 So.2d 614 (1963).
The courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, "to be collected from the entire instrument." Brashier v. Burkett,350 So.2d 309 (Ala. 1977); Stratford v. Lattimer, 255 Ala. 201,50 So.2d 420 (1951).
Plaintiff argues the trial court was correct in admitting extrinsic evidence of the parties' intentions because, it contends, the italicized language in the deed is ambiguous. It is, of course, true that where a deed is of doubtful meaning, or where the language of a deed is ambiguous, the intent of the parties to the deed as to what property is conveyed may be ascertained by reference to facts existing when the instrument was made, to which the parties may be presumed to have had reference. Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723 (1968).
However, if the language is plain and certain, acts and declarations of the parties cannot be resorted to, to aid construction. Id.; Hall v. Long, 199 Ala. 97, 74 So. 56 (1916).
We have carefully examined the language of the description in the deed, and we conclude that the language contained therein is not, on its face, ambiguous. In fact, the plain meaning of the language of the italicized portion, its punctuation and juxtaposition to the other portion, admit of but one conclusion, that the Haardts intended to convey to defendant, Jennings, the italicized portion of the description.
In ascertaining the intention of the parties, the plain and clear meaning of the deed's terms must be given effect, and parties must be legally presumed to have intended what is plainlyand clearly set out. Camp v. Milam, 291 Ala. 12, 277 So.2d 95
(1973).
Plaintiff argues that this case is controlled by the ore tenus rule and that although no specific finding of ambiguity was made by the trial court, our court will presume such a finding was made. We agree that the only logical assumption is that the trial judge found the deed's language to be ambiguous; otherwise, he could not have admitted any extrinsic evidence as to the parties' intentions. We cannot agree, however, that the ore tenus rule dictates affirmance, for we think the trial court's implied finding of ambiguity was palpably incorrect as we have already pointed out. For this reason, this cause is due to be reversed and rendered.
REVERSED AND RENDERED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
 *Page 1