This appeal is from a final judgment ordering the public sale of several tracts of land for division of the proceeds among the owners who were tenants in common. The pivotal issue presents a novel question: whether a cotenant who conveys his present and expectancy interests in the lands to his fellow cotenants may thereafter inherit an interest in those lands from a cotenant grantee
Plaintiffs filed this action seeking the sale for division of approximately 418 acres of land. Defendants answered, alleging that plaintiffs had no standing to seek a sale for division because they had previously conveyed to defendants and others, by warranty deed of 26 February 1959, all their interests in the property in question. Defendants further alleged that plaintiffs were estopped from maintaining the action by virtue of plaintiffs' previous execution of their deed of conveyance
After trial without a jury, the trial court entered judgment in which it found all parties to be "joint owners" of the lands and ordered the property sold for division; also delineating the respective interests of the parties in the property
All parties to this action are either children, or children of deceased children, of James J. Martin. The latter held a life estate in all the tracts of land in question by virtue of a grant from his father, Lewis H. Martin, who granted the remainder interests in the lands to the children of his son, James J. Martin
James J. Martin was survived by seven children; Abner, Clark, Omar, Roy, Ruth, Vanche and Vivian, each of whom took an equal fractional interest in the lands as cotenants upon their father's death by virtue of the provisions of Code 1923, § 7373. An eighth child, Palmer had predeceased his father, leaving no wife or children
After the death of their father, but prior to the execution of the deed of 26 February 1959, Abner, Clark, Omar and Roy died. Omar was survived by two daughters, Annie Garrison and Margaret Smith, the plaintiffs in this action. Abner was survived by two sons, Franklin Dwight Martin and James W Martin, who along with their aunt, Ruth, the only child of James J. Martin alive at the institution of these proceedings, are the defendants in this action
Clark and Roy both died without issue or spouses surviving them and, consequently, their interests in the lands were distributed among their surviving brothers and sisters and the children of their deceased brothers and sisters, according to the intestate succession statute then in effect
Immediately prior to execution of the deed of 26 February 1959, the property in question was owned as follows: the three children of James J. Martin alive on that date, Vanche, Vivian, and Ruth, each held a 1/5 interest in the property; their four nieces and nephews, Annie, Margaret, Dwight, and James W. each held a 1/10 interest
By the granting clause of the warranty deed of 26 February 1959, Annie and Margaret conveyed their combined 1/5 interest in the lands to the other cotenants; Vanche, Vivian and Ruth each received 1/4 of the 1/5 interest, while Dwight and James W., each took 1/8 of the 1/5 interest conveyed
Another clause in the deed, that by which defendants allege plaintiffs assigned their expectancy interests in the property, reads as follows: *Page 343 
 The grantors . . . Annie Kathrine Garrison and Margaret M. Smith, do by these presents convey unto the grantees named herein all of their presently owned undivided interest in and to the above described real estate, together with any interest which they may acquire in the future by inheritance or devise, and it being the intention of the parties hereto that this conveyance represents a full and complete settlement of the interest of the grantors in and to the above described real estate, and that this conveyance shall be binding upon the grantors herein, together with their heirs, devise[e]s, executors and administrators, forever
In the year following the execution of the deed, Vivian died with no husband or children surviving her and without a will In 1979, Vanche died leaving no husband or children and no will
Plaintiffs claim that a 1/12 interest in the disputed lands passed to each of them under Code 1940, Tit. 16, § 1, and Code 1975, § 43-3-1, as a result of the deaths of Vivian and Vanche Defendants, the surviving grantees of the deed, claim complete title to the property in them, contending, as earlier mentioned, the expectancy interests of plaintiffs in the estates of Vivian and Vanche were validly conveyed to defendants by the deed of 26 February 1959, or, in the alternative, plaintiffs should be estopped from asserting any rights to the property as a matter of equity because of the clause in the deed purporting to convey their expectancies
Although the cases in this state dealing with transfers of expectancies are scant, plaintiffs do not take issue with defendants' assertions that a conveyance of an expectancy in land may be valid in Alabama
The general rule at common law, recognized in Alabama, is that an assignment by a prospective heir or devisee of his expectancy of acquiring an estate by descent or devise is invalid, and unenforceable at law, unless the expectancy is coupled with an interest in such property, as was done in the deed of 26 February 1959. First National Bank v. Cash, 220 Ala. 319,125 So. 28 (1929); Skipper v. Stokes, 42 Ala. 255, 94 Am.Dec. 646 (1868); 6A C.J.S. Assignments § 17 (1975)
In equity, however, the courts will enforce an assignment or release of an expectant interest which is based on a valuable consideration and is made in good faith and free from circumstances of fraud or oppression. Cash, supra; Hinkle vWanzer, 58 U.S. (17 How.) 353, 15 L.Ed. 173 (1854). This equitable view of the matter is consistent with Code 1975, §35-4-1, which declares future and contingent interests alienable in Alabama
Plaintiffs, however, contend the warranty deed in question did not operate to convey their expectancy interests. The only interests which were transferred, they argue, were their then present possessory interests designated in the granting clause of the warranty deed as follows:
 KNOW ALL MEN BY THESE PRESENTS, That we, Pearl Martin, a widow; Margaret M. Smith and husband, Morris Smith, Annie Kathrine Garrison and husband, Drennon Garrison, for and in consideration of the sum of Twelve Thousand Five Hundred and No/100 ($12,500.00) Dollars, to us in hand paid by Vivian Martin, Ruth Martin, Vanche Ellette, James Wiley Martin and Franklin Dwight Martin, the receipt whereof is hereby acknowledged do grant, bargain, sell and convey unto the said Vivian Martin, Ruth Martin, Vanche Ellette, James Wiley Martin and Franklin Dwight Martin, the following described property, in the following proportions, to-wit: Vivian Martin, a 1/4th of a 1/5th interest; Ruth Martin, a 1/4th of a 1/5th interest; Vanche Ellette, a 1/4th of a 1/5th interest; James Wiley Martin, a 1/8th of a 1/5th interest; and Franklin Dwight Martin, a 1/8th of a 1/5th interest in and to the following described Lands in Lawrence County, Alabama, to-wit:
Plaintiffs contend the granting clause conflicts with the clause purporting to convey their expectancy interests and, applying our rules of construction, the granting *Page 344 
clause should prevail. Furthermore, according to the testimony of one of the plaintiffs, she was told at the time the deed was signed in the office of defendants' attorney that she was only conveying the interests derived from her father's and grandfather's estate
The principles which guide the courts in construing deeds were set out in Financial Investment Corp. v. Tukabatchee AreaCouncil, Inc. Boy Scouts of America, a Corp., 353 So.2d 1389
(Ala. 1977):
 It is, of course, a fundamental rule of construction that the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, resort to arbitrary rules of construction is not required. Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975); Gulf Oil Corp. v. Deese, 275 Ala. 178, 153 So.2d 614 (1963)
 The courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, "to be collected from the entire instrument." Brashier v. Burkett, 350 So.2d 309 (Ala. 1977); Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420 (1951)
 . . . [W]here a deed is of doubtful meaning, or where the language of a deed is ambiguous, the intent of the parties to the deed as to what property is conveyed may be ascertained by reference to facts existing when the instrument was made, to which the parties may be presumed to have had reference. Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723 (1968)
 However, if the language is plain and certain, acts and declarations of the parties cannot be resorted to, to aid construction. Id.; Hall v. Long, 199 Ala. 97, 74 So. 56 (1916)
. . .
 In ascertaining the intention of the parties, the plain and clear meaning of the deed's terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out Camp v. Milam, 291 Ala. 12, 277 So.2d 95 (1973)
We find no conflict or ambiguity in the granting clause and the clause conveying the expectancy interests. The latter clause has the special purpose, as stated, to effect a "full and complete settlement of the interests of the grantors" in the subject property. Every distinct provision in a conveyance is presumed to have been inserted for a purpose. Stratford vLattimer, 255 Ala. 201, 50 So.2d 420 (1951); Gentle vFrederick, 234 Ala. 184, 174 So. 606 (1937)
The rule urged by plaintiffs, which would give prevailing effect to the granting clause has application only where a granting clause is sought to be contradicted by subsequent words of doubtful import. Kettler v. Gandy, 270 Ala. 494,119 So.2d 913 (1960). As the intent of the parties here is plain and clear on the face of the instrument, this rule does not apply; additionally, the testimony of the plaintiff referred to above regarding representations made to her in the office of defendants' attorney is inadmissible to vary that clearly expressed intent
Further, plaintiffs assert that, even if the clause conveying their expectancy interests is not repugnant to the granting clause, they should, nevertheless, be permitted to inherit from Vivian and Vanche. To deny plaintiffs from inheriting these interests, they claim, requires the conclusion that Vanche and Vivian could not have freely transferred the fee simple interests which they acquired by the disputed deed because Vanche and Vivian would not have been permitted to allow their interests to pass to plaintiffs according to the laws of intestate succession. The present situation, it is contended, should be treated no differently than if Vanche and Vivian had died testate, devising their interests in the property, or a portion thereof, to plaintiffs
The cases which have treated transfers of expectancies generally fall into two categories: those dealing with agreements between a prospective heir and the ancestor from whom he expects to inherit, on the one hand, and those concerning agreements between a prospective heir and a person other *Page 345 
than the one from whom the property is expected to be derived, on the other hand. 17 A.L.R. 597; 28 A.L.R. 427; 44 A.L.R 1465; 121 A.L.R. 450
The term "ancestor" means anyone from whom an estate may be inherited. With reference to realty, the term embraces collaterals as well as lineals through whom an inheritance is derived. Purcell v. Sewell, 223 Ala. 73, 134 So. 476 (1931); 3Words and Phrases 546 (1953). Thus, the conveyance by plaintiffs of their expectancy interests to Vanche and Vivian was a transfer by prospective heirs to ancestors
The release of an expectancy share to an ancestor, fairly and freely made for a valuable consideration, excludes the heir from participation in the ancestor's estate at the latter's death. A statute of descent and distribution operates to vest title to all the property left by the ancestor in the remaining heirs. 26A C.J.S. Descent and Distribution § 62 (1956)
This rule does not impose an unnatural restraint on subsequent alienation by the grantees when the expectancy interests are transferred to cotenants, as plaintiffs posit; the restriction is self-imposed by mutual agreement to prevent the necessity of a sale for division and to insure that total ownership of the property may be enjoyed by the contenant grantees or, eventually, the survivor of them
Because it appears from the record that plaintiffs conveyed their expectancy interests in the lands, along with their possessory interests, voluntarily and for a valuable consideration, defendants are entitled to have their bargain, fairly arrived at, kept and honored
Accordingly, we reverse the judgment of the trial court and hold that plaintiffs effectively conveyed their expectancy interests in the lands in question by the warranty deed of 26 February 1959 and, consequently, were excluded from the distribution of interests in these lands from the estates of Vivian and Vanche, upon their respective deaths. Owning no interest in the property plaintiffs are not entitled to a sale for division. The judgment below is due to be reversed and judgment entered here in accord with this opinion
REVERSED AND RENDERED
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur