STEAGALL, Justice.
John C. Sipple sued Exxon Corporation; G.W. Schneider, Jr.; McCauley 0. Bullock, Jr.; and Roger Ogden, individually and as executor of the estate of H.G. Schneider, deceased, to quiet title to an undivided 7/256 mineral interest in certain real property located in Escambia County, Alabama. Sipple also claimed breach of warranty and slander of title arising from a purportedly valid 1988 lease of the property from H.G. Schneider to Sipple. Exxon counterclaimed to quiet title in its favor. The trial court entered a summary judgment quieting title in favor of Exxon and G.W. Schneider, Jr., and, pursuant to Rule 54(b), A.R.Civ.P., certified that judgment as final.
In its judgment, the trial court stated, in pertinent part:
“The sole question before the Court on these Cross-Motions for Summary Judgment is construction of a deed dated June 25, 1965, from H.G. Schneider joined by his wife, Mary B. Schneider, to their nephew, G.W. Schneider, Jr. (hereinafter ‘Schneider 1965 conveyance’), of an undivided mineral interest in certain real property (hereinafter ‘subject property’), more particularly described as follows:
“ ‘The N/2 of the NW/4; the E/2 of the SW/4 of the NW/4; and 2.0 acres in the form of a square in the SW corner of the N/2 of the SE/4 of the NW/4, Section 26, Township 1 North, Range 8 East, Es-cambia County, Alabama.’
“In 1946, H.G. Schneider had acquired an undivided 7/64th mineral interest in the Subject Property from Errett R. Newby.
“The Schneider 1965 conveyance provides as follows:
“ ‘This Agreement made this 25th day of June, 1965, by and between H.G. Schneider, joined by his wife, Mary B. Schneider, and G.W. Schneider, Jr.
“ WHEREAS, Errett R. Newby has acquired title to certain oil, gas and mineral leases and oil, gas and mineral rights in the states of Alabama and Florida, more particularly described below ... [Description includes Subject Property]
[[Image here]]
“WHEREAS, Errett R. Newby on January 30, 1946, did convey one-eighth (l/8th) interest in and to all the right, title and interest of Errett R. Newby in said oil and gas leases and mineral rights....
“WHEREAS, Errett R. Newby on January 30, 1946, did convey an additional three thirty seconds (3/32nds) in and to all the right, title and interest of Errett R. Newby in said oil and gas leases and mineral rights....
“ ‘NOW, THEREFORE, for Ten Dollars ($10.00) and other valuable considerations, receipt of which is hereby acknowledged, the said H.G. Schneider, joined by his wife, Mary B. Schneider, does hereby sell, transfer, convey and assign to G.W. Schneider, Jr., one-half (½) interest in and to all the right, title and interest of H.G. Schneider in the oil, gas and mineral leases and mineral rights aforesaid described, with more complete description being shown in the recording of said instruments, to which reference is hereby made. [Emphasis added by the trial judge.]’
This is the language which must be construed by the Court.
*571 “Sipple claims that the Schneider 1965 conveyance only conveys an undivided ½ of ⅜ (l/4th) of an undivided 7/64th mineral interest in the Subject Property, while Defendants claim the conveyance is of an undivided ⅜ of an undivided 7/64th mineral interest in the Subject Property. Hence, only an undivided 7/256th mineral interest in the Subject Property is in dispute herein.
“ ‘It is, of course, a fundamental rule of construction that the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, resort to arbitrary rules of construction is not required.’ Financial Investment Corp. v. Tukabatchee Area Council, 353 So.2d 1389, 1391 (Ala.1977); Exxon Corp. v. Waite, 564 So.2d 941, 943 (Ala.1990).
“‘The Courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, “to be collected from the entire instrument.” Brashier v. Burkett, 350 So.2d 309 (Ala.1977)_’ [Financial Investment, at 1391.]
“... [I]f the language is plain and certain, acts and declarations of the parties cannot be resorted to, to aid construction.’ [.Financial Investment, at 1391.]
“ ‘In ascertaining the intention of the parties, the plain and clear meaning of the deed’s terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out.’ [Financial Investment, at 1391.]
“In examining the four corners of the Schneider 1965 conveyance, it is clear to the Court that the instrument is unambiguous and, therefore, the Court is not required to resort to arbitrary rules of construction nor to receive extrinsic evidence in order to ascertain the intention of the parties, especially that of the grantor.
“The Schneider 1965 conveyance very clearly recites that the grantor obtained an undivided 7/64th mineral interest in the Subject Property from Errett R. Newby in 1946. The Schneider 1965 conveyance furthermore unambiguously conveys an undivided l/2th interest in the ‘aforesaid described’ undivided 7/64th mineral interest acquired from Errett R. Newby. Accordingly, the grantee, G.W. Schneider, Jr., acquired an undivided ⅜ of an undivided 7/64th (7/128&) mineral interest in the Subject Property.
“Based on the certified copies of deeds and instruments submitted by Exxon in support of its Motion for Summary Judgment, the Court hereby ORDERS, ADJUDGES, and DECREES that title to the undivided 7/256th mineral interest in the Subject Property in dispute in this case is quieted in favor of G.W. Schneider, Jr., subject to that certain oil, gas and mineral lease, as amended, from G.W. Schneider, Jr., in favor of Bullock dated January 25, 1988, subsequently assigned to Exxon, reserving a l/4th royalty and granting a 3/4th working interest, which was recorded on March 25,1988, in Deed Book 470, Page 112, in the Office of the Judge of Probate of Escambia County, Alabama.
“The Court further ORDERS, ADJUDGES, and DECREES that none of the other parties to this litigation, known or unknown, claiming or appearing to claim any title to or any interest, lien or encumbrance on the undivided 7/256th mineral interest in the Subject Property in dispute, has any right, title or interest in the undivided 7/256th mineral interest in the Subject Property, except as otherwise set forth hereinabove.
“The Clerk of this Court is hereby directed to cause a certified copy of this Memorandum Opinion, Order and Judgment Quieting Title to be recorded in the Office of the Judge of Probate of Escam-bia, County, Alabama, upon same becoming final without timely appeal, indexed as follows: Direct/grantor Index — H.G. Schneider, Mary B. Schneider; Indirect/Grantee Index — G.W. Schneider, Jr., Exxon Corporation. Recording costs shall be borne by Exxon.
“The Motion for Partial Summary judgment of Sipple is hereby DENIED on the *572 issue of title to the undivided 7/256th mineral interest in the Subject Property in dispute, and the Motion for Summary Judgment of Exxon and Bullock is hereby GRANTED against Plaintiff for all claims set forth in the Complaint and in favor of Exxon with respect to all parties as to the Counterclaim and Cross-Claim of Exxon.
“The Court notes that there are or may be extant claims between Sipple and Defendants, Roger H. Ogden, and G.W. Schneider, Jr., which do not involve Exxon and Bullock....
“Dated this 13th day of January, 1993.”
After carefully reviewing the summary judgment, along with the record and the arguments of the parties, we hold that the trial court correctly entered the summary judgment for the defendants. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.