We granted the petition for a writ of certiorari filed by James Ruben Martin to determine whether the Court of Civil Appeals erred in affirming the trial court's judgment upon sale for division of real property, in declining to review the trial court's treatment of certain appraisal evidence, and in affirming the trial court's denial of James's request for an attorney fee.Martin v. Martin, 775 So.2d 197 (Ala.Civ.App. 1998).
The Court of Civil Appeals also reversed an aspect of the judgment of the trial court denying James's request for an accounting. Neither party has petitioned us to review this aspect of the decision of the Court of Civil Appeals — the aspect regarding the accounting.
The pertinent facts follow. James's parents, Marjorie I. Martin and William Howard Martin, purchased the subject property in 1973. Their grantors conveyed the property in fee simple to Marjorie and William. In 1976, Marjorie and William conveyed the property in fee simple to Marjorie herself and their sons James and Michael. The deed provides, in pertinent part, as follows:
 "That in consideration of One Hundred Dollars and other valuable consideration to the undersigned grantor or grantors in hand paid by the GRANTEES herein, the receipt whereof is *Page 204 
acknowledged, we, William Howard Martin and his wife, Marjorie I. Martin (herein referred to as grantors) do grant, bargain, sell and convey unto Marjorie I. Martin, James Ruben Martin and Michael Edward Martin (herein referred to as GRANTEES) for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate. . . ."
Marjorie and William both signed the deed, and a notary public notarized their respective signatures.
In 1980, Marjorie leased the property to Carl West. Marjorie received each monthly lease payment of $400. She did not divide or share any $400 monthly lease payment with James until 1995, when, upon his demand, Marjorie paid James $100 per month for four months.
In 1996 James petitioned for a sale for division of the property. James named Marjorie, Michael, and Carl West as defendants. In his petition, James asserted that he, Michael, and Marjorie each owned a one-third interest in the property. He asserted also that Marjorie had converted the lease proceeds to her own use and benefit. James requested an accounting of all moneys generated from the lease, a sale of the property, a division of the sale proceeds, and an attorney fee.
On the issue of ownership, Marjorie asserted to the trial court that certain extrinsic evidence proved she did not intend to convey her half interest when she joined William in executing the 1976 deed to herself and the couple's two sons James and Michael. She contended therefore that she had retained her half interest, that the deed had conveyed only William's half interest to herself and the two sons, that each son had thereby received only a one-sixth interest, and that the additional one-sixth interest she received in the conveyance increased her ownership to two-thirds.
In a bench trial with evidence ore tenus, the trial court, over James's objections, admitted Marjorie's extrinsic evidence and accepted her argument. Accordingly, the trial court found that Marjorie owned a two-thirds interest in the property and that James and Michael each owned a one-sixth interest in the property. The trial court determined the value of the property to be $30,000 and ordered the sale of the property. The trial court denied James's requests for an accounting and an attorney fee. James filed a postjudgment motion challenging the allocation of ownership and the value placed on the property by the trial court. The trial court denied the motion. James appealed to this Court, which transferred his appeal to the Court of Civil Appeals pursuant to § 12-2-7, Ala. Code 1975.
The Court of Civil Appeals, finding that the 1976 deed was ambiguous, concluded that the trial court had properly considered extrinsic evidence of the intent of Marjorie and William in executing the 1976 deed, had thereby properly held only William's interest to have been conveyed, and thus had properly allocated ownership of the property among James, Michael, and Marjorie. The Court of Civil Appeals further concluded that the trial court had properly denied James's request for an attorney fee. Accordingly, the Court of Civil Appeals affirmed those two aspects of the judgment. On the doctrine of waiver, the Court of Civil Appeals declined to review the trial court's treatment of the appraisal prepared by the court-appointed appraiser. The Court of Civil Appeals, however, concluding that the trial court had erroneously denied James's request for an accounting of the lease proceeds, reversed that aspect of the judgment and remanded the cause for further proceedings. As already mentioned, this aspect of the decision of the Court of Civil Appeals reversing the denial of an accounting is not before us. *Page 205 
Before us, on the issue of the allocation of ownership, the parties consistently maintain their same respective positions. James contends that the 1976 deed unambiguously conveyed to him a one-third interest in the property. Marjorie argues that ambiguity in the deed justified the consideration of extrinsic evidence, which proved that she did not intend to convey her existing half interest when she joined William in executing the 1976 deed. Marjorie argues that the 1976 deed conveyed only William's half interest in the property.
The case followed by the Court of Civil Appeals in concluding that the deed is ambiguous is Financial Investment Corp. v.Tukabatchee Area Council, Inc., 353 So.2d 1389 (Ala. 1977). In that case we held:
 "It is, of course, a fundamental rule of construction that the real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, resort to arbitrary rules of construction is not required. Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975); Gulf Oil Corp. v. Deese, 275 Ala. 178, 153 So.2d 614 (1963).
 "The courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, `to be collected from the entire instrument.' Brashier v. Burkett, 350 So.2d 309 (Ala. 1977); Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420 (1951).
 "Plaintiff argues the trial court was correct in admitting extrinsic evidence of the parties' intentions because, it contends, the italicized language in the deed is ambiguous. It is, of course, true that where a deed is of doubtful meaning, or where the language of a deed is ambiguous, the intent of the parties to the deed as to what property is conveyed may be ascertained by reference to facts existing when the instrument was made, to which the parties may be presumed to have had reference. Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723 (1968).
 "However, if the language is plain and certain, acts and declarations of the parties cannot be resorted to, to aid construction. Id.; Hall v. Long, 199 Ala. 97, 74 So. 56
(1916).
 "We have carefully examined the language of the description in the deed, and we conclude that the language contained therein is not, on its face, ambiguous. In fact, the plain meaning of the language of the italicized portion, its punctuation and juxtaposition to the other portion, admit of but one conclusion, that the Haardts intended to convey to defendant, Jennings, the italicized portion of the description.
 "In ascertaining the intention of the parties, the plain and clear meaning of the deed's terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out. Camp v. Milam, 291 Ala. 12, 277 So.2d 95 (1973)."
353 So.2d at 1391 (emphasis in original).
After carefully examining the 1976 deed, we conclude that the deed is not of doubtful meaning and that the language of the deed is not ambiguous. The deed clearly identifies Marjorie as a grantor and contains no restriction on the interest that she is conveying to James, Michael, and herself. The plain language of the deed shows that Marjorie and William, joint owners, conveyed the entire property, Melton v. Watkins, 24 Ala. 433 (1854), to James, Michael, and Marjorie herself, and thereby conveyed to each of these three a one-third interest in the whole property. Therefore, the trial court erred in finding the deed to be ambiguous, considering extrinsic evidence of the intentions of Marjorie and William, and holding only William's half interest to have been conveyed.
James contends also that the trial court abused its discretion when it disregarded the appraisal of the court-appointed *Page 206 
appraiser in determining a monetary value of the property. The Court of Civil Appeals declined to address this issue on the ground that James had failed to comply with Rule 28(a)(5), Ala.R.App.P., by failing to cite relevant legal authority in support of his contention. "When an appellant fails to argue an issue in [his] brief, that issue is waived." Boshell v. Keith,418 So.2d 89, 92 (Ala. 1982). Consequently, the issue whether the trial court abused its discretion in determining the monetary value of the property is not before this Court. Id. See also
Rule 39(a), Ala.R.App.P. ("[D]ecisions of the courts of appeals may be reviewed by the Supreme Court upon petition for writ of certiorari only after a court of appeals has overruled an application for rehearing directed to the point, issue, or decision complained of.")
Last, James contends that the Court of Civil Appeals erred in affirming that portion of the judgment wherein the trial court denied his request for an attorney fee. Section 34-3-60, Ala. Code 1975, authorizes a trial court to award an attorney fee in a proceeding involving the sale for division of property and to tax such fee as costs of the action. The origin of this Code section was a statute adopted by the Legislature in 1903. Penney v.Pritchard McCall, 255 Ala. 13, 18, 49 So.2d 782, 785 (1950). The 1907 codification of this statute added the express condition that "the services must be for the common benefit of all." Id. (Emphasis added.) While some of the successive codifications, including the present one, have omitted the language that "the services must be for the common benefit of all," this Court has consistently maintained that condition on the trial judge's authority to award attorney fees pursuant to these codifications.Id. See, e.g., Irons v. Le Sueur, 487 So.2d 1352, 1359 (Ala. 1986):
 "Likewise, when attorney's fees are allowed under § 34-3-60, Code 1975, it is on the basis of, and solely for, the benefits inuring to the common estate and to the tenants in common and not involving controversy as to respective rights or interests of individual tenants in common. Pate v. Law, 277 Ala. 608, 173 So.2d 596 (1965); Graham v. Graham, 207 Ala. 648, 93 So. 660 (1922)."
James's action is not "for the common benefit of all."Penney, supra. James's action is primarily for his benefit and, at best, incidentally for Michael's benefit, but pointedly to the detriment and at the expense of their co-owner Marjorie. James's action likewise does not satisfy the same condition as expressed in the words of Irons, supra, in that James's action does involve "controversy as to respective rights or interests of individual tenants in common." Thus James's action does not qualify for an award of an attorney fee under § 34-3-60.
 "`In [the] absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by [the] opposing side.'"
Penney, supra, 255 Ala. at 17, 49 So.2d at 784. (Citations omitted.) This principle governs James's case. Thus the trial court did not err in denying an attorney fee.
Consequently, we reverse that aspect of the judgment of the Court of Civil Appeals which affirms the trial court's allocation of the respective ownership interests in the property, but we affirm those aspects of the judgment of the Court of Civil Appeals which decline to review the trial court's treatment of the appraisal by the court-appointed appraiser and which affirm the trial court's denial of James's prayer for an attorney fee. We remand this cause for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur. *Page 207